# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 04-1937

_____

United States of America,      *
                                      *

         Appellee,          *

                                         *     Appeal from the United States
      v.                           *     District Court for the
                                         *     District of Nebraska.

Johnny Franklin, Jr.,         *
also known as Jack Culpepper,     *

                                       *

         Appellant.         *

_____

Submitted: November 15, 2004
Filed: February 7, 2005

_____

Before RILEY, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Johnny Franklin, Jr. appeals the 24-month prison sentence the district court[1] imposed after revoking his supervised release. For the reasons discussed below, we affirm the judgment of the district court.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

In May 1995, Franklin pled guilty to possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Franklin was sentenced to 120 months in prison and three years of supervised release. He commenced supervised release on June 24, 2003. In December 2003, Franklin's probation officer submitted a report to the district court alleging that Franklin began violating several conditions of his supervised release less than two months after commencing his term of supervised release.

At his revocation hearing, Franklin admitted to five of the alleged violations in the report.[2] Franklin's counsel advised the district court that the maximum statutory prison sentence applicable to Franklin for revocation of his supervised release was two years, *see* 18 U.S.C. § 3583(e)(3), and that the probation officer recommended Franklin serve the full two years. Counsel for the Government recommended a 21-month sentence, and counsel for Franklin asked the district court to consider sentencing Franklin within the range of 8-14 months of imprisonment recommended under the Chapter 7 policy statements in the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2003); *United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (noting that the Chapter 7 policy statements in the Guidelines are advisory, rather than binding on the district court). After hearing arguments from counsel, the district court revoked Franklin's supervised release and sentenced him to 24 months in prison without further explanation.

Franklin first argues that the district court abused its discretion by failing to consider certain sentencing factors set forth in 18 U.S.C. § 3553(a), including the

---

[2]Franklin admitted the following: (1) he had not been employed since August 2003; (2) he was cited for an open container violation in October 2003; (3) he tested positive for marijuana five times and admitted to a probation officer that he had smoked marijuana; (4) he failed to appear for scheduled urinalysis tests eleven times; and (5) he failed to participate in community service.

Chapter 7 policy statements in the Guidelines. After carefully reviewing the record, we conclude that the district court acted within its discretion.

Although the district court is required to consider certain factors set forth in § 3553(a) in a supervised-release-revocation sentencing,[3] "there is no requirement that the district court make specific findings relating to each of the factors considered." *United States v. Graves*, 914 F.2d 159, 160 (8th Cir. 1990); *see White Face*, 383 F.3d at 740 (noting that "[a] district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release"). "All that is required is evidence that the court has considered the relevant matters . . . ." *White Face*, 383 F.3d at 740. Evidence that the district court was aware of the relevant § 3553(a) factors required to be considered is sufficient. *See id.* (holding, after careful review of the record, that the district court adequately considered the relevant § 3553(a) factors because it showed awareness of each

---

[3]18 U.S.C. § 3583(e) provides that, when imposing a sentence after revocation of supervised release, the district court must consider only certain provisions of 18 U.S.C. § 3553(a): (a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"); (a)(2)(B) ("the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"); (a)(2)(C) ("the need for the sentence imposed . . . to protect the public from further crimes of the defendant"); (a)(2)(D) ("the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"); (a)(4) ("the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission . . . or in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission"); (a)(5) ("any pertinent policy statement issued by the Sentencing Commission . . . in effect on the date the defendant is sentenced"); (a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); and (a)(7) ("the need to provide restitution to any victims of the offense").

defendant's violation of specific conditions of supervised release, criminal history category, suggested Chapter 7 range, and the statutory maximum).

In this case, evidence that the district court was aware of the relevant § 3553(a) factors required to be considered can be inferred from the record. The revocation hearing transcript shows that the district court was aware of Franklin's numerous and repeated violations of the conditions of his supervised release, beginning less than two months after his term of supervised release commenced. In addition, through counsel's arguments at the revocation hearing, the district court was made aware of both the suggested range under Chapter 7 of the Guidelines and the statutory maximum sentence. It also is worth noting that the judge who presided over Franklin's sentencing after revocation of supervised release was the same judge who imposed Franklin's initial sentence; therefore, at the revocation hearing, the district court was aware of Franklin's history and characteristics. *See* 18 U.S.C. § 3553(a)(1); *United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001) (noting, among other things, that the district court judge presiding over the defendant's sentencing after revocation of supervised release was the same judge who imposed the initial sentence, and concluding that the district court implicitly considered the § 3553(a) factors in sentencing the defendant). In sum, after careful review of the record, we are satisfied that the district court adequately considered the relevant § 3553(a) factors, including the Chapter 7 policy statements in the Guidelines, and we conclude that there was no abuse of discretion.

Franklin also challenges the district court's failure to state a reason for the sentence it imposed. Because Franklin did not object at the time of sentencing, we review for plain error only. *See United States v. Evans*, 272 F.3d 1069, 1089 (8th Cir. 2001). "Plain error is error that is 'plain' (that is, clear or obvious), 'affects substantial rights' (that is, prejudicial) and 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Rashid*, 383 F.3d 769, 775 (8th Cir. 2004), *cert. denied*, 73 U.S.L.W. 3399 (U.S. Jan. 10, 2005) (No. 04-7610) (citing *United States v. Olano*, 507 U.S. 725, 732-37 (1993)).

Even assuming that there was error and it was plain, we conclude that the sentence imposed by the district court did not affect Franklin's substantial rights: Franklin admitted violating conditions of his supervised release; the district court informed Franklin that he could be sentenced to two years in prison; and the sentenced imposed did not exceed the statutory maximum.

For the reasons explained above, we affirm the judgment of the district court.

_____