# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2917

_____

United States of America,      *
     *
        Plaintiff - Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the Eastern
     *    District of Missouri.
Eldon Lee Maldonado,      *
     *      [UNPUBLISHED]
        Defendant - Appellant.      *

_____

Submitted: March 13, 2006
Filed: March 16, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In 1997 Eldon Lee Maldonado was convicted of conspiracy to possess with intent to distribute marijuana and sentenced to 76 months imprisonment and 5 years of supervised release. While on supervised release he pled guilty in December 2004 to a conspiracy to distribute and possess with intent to distribute cocaine and marijuana, an offense which violated his conditions of release. At his revocation hearing, Maldonado admitted that he had a committed a Grade A violation and was

sentenced by the district court[1] to 15 months, to be served consecutively to the 135 month sentence for his new conviction. Maldonado appeals, arguing that his revocation sentence is unreasonable because the district court failed to state its reasons on the record, see 18 U.S.S.C. § 3553(c), and because it imposed a consecutive sentence. We affirm.

Maldonado concedes that the alleged failure of the district court to state its reasons for the revocation sentence is reviewed only for plain error given his failure to object at sentencing. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005). Id. His revocation sentence was at the low point of the advisory guideline range of 15 to 21 months, see U.S.S.G. § 7B1.4(a), and it is presumptively reasonable. See United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005). Furthermore, the record demonstrates that the court gave sufficient consideration to the § 3553(a) factors. The judge was familiar with Maldonado's history and characteristics as he imposed both sentences, see Franklin, 397 F.3d at 607, and he found that his repeat offense indicated that Maldonado "is not amenable to community supervision". After determining the advisory guideline range, the court noted that a 15 month sentence "would seem to address the sentencing objectives of punishment, general deterrence and incapacitation." The court adequately explained the basis for its sentence.

Maldonado also contends that the discretionary decision to impose the sentence consecutively is "unreasonable in light of the nature and extent of his crimes." The district court decision is supported by the Sentencing Commission's policy statement concerning revocation of supervised release which provides that "any term of imprisonment imposed upon the revocation of ... supervised release shall be ordered to be served consecutively[.]" See U.S.S.G. § 7B1.3(f). The court's exercise of its

---

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

discretion to impose the sentence consecutively was not unreasonable under the circumstances.

Since we conclude that the sentence was not unreasonable, we affirm the judgment of the district court.

_____