# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-2187

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Lance Pegues, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 29, 2007
Filed: April 6, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lance Pegues appeals the 24-month prison term imposed by the district court[1] following revocation of his supervised release. He argues that it was error for the court to order his sentence to be served consecutively to an undischarged state term of imprisonment.

We disagree. At the revocation hearing, many matters relevant to sentencing were brought to the district court's attention, including Pegues's repeated violations

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

of the law, his poor response to supervision, and his need for psychological and substance-abuse treatment. The district court heard and rejected Pegues's lengthy argument for a concurrent sentence, instead choosing to impose a consecutive sentence as advised in U.S.S.G. § 7B1.3(f), and commenting in particular that two years of federal custody would afford Pegues an opportunity to get the help he needed. We conclude that the sentence was not unreasonable. See United States v. Larison, 432 F.3d 921, 922-23 (8th Cir. 2006) (court reviews revocation sentences for unreasonableness); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (district court must consider 18 U.S.C. § 3553(a) factors in determining revocation sentence, but need not make specific findings on each factor; all that is required is evidence that court considered relevant matters in imposing sentence).

Accordingly, we affirm.

_____