# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3943

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Mark A. Perkins, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 14, 2008
Filed: June 2, 2008

_____

Before WOLLMAN and SMITH, Circuit Judges, and GRITZNER,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

After finding that Mark A. Perkins violated special and mandatory conditions of his supervised release from prison, the district court[2] revoked Perkins's release and sentenced him to twenty-four months' imprisonment without further supervised release. Perkins appeals the district court's finding that he assaulted a law enforcement officer in violation of a mandatory condition of release, as well as the

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

subsequent revocation of his supervised release. He also appeals his sentence as unreasonable. We affirm.

## I.

In May 2006, Perkins violated a special condition of his supervised release from prison by failing to reside in and satisfactorily participate in a community corrections center program for substance abuse treatment. On September 30, 2006, when deputy marshals of the U.S. Marshal Service attempted to execute the resulting arrest warrant against Perkins at a location believed to be his residence, they saw an individual whom they believed to be Perkins enter a car with another individual and attempt to leave. In response, the deputies set up a partial road block to prevent the car from leaving the scene. The individual drove toward a deputy who was outside of his vehicle, forcing the deputy to move aside in order to avoid being struck by the car. The driver of the car was not apprehended that day.

On October 2, 2006, Perkins was arrested at the location believed to be his residence. At Perkins's revocation hearing, a deputy who was at the scene of the escape identified Perkins as the driver of the car that had nearly struck his colleague. Perkins did not testify at the hearing, but denied, through counsel, that he was the driver of the escaping car. Although Perkins was not charged with assault, the district court found that he had violated a mandatory condition of his supervised release by committing the assault on the deputy. Perkins conceded that he had violated a special condition by leaving the substance abuse program.

II.

A.     Revocation of Supervised Release

A district court has discretion whether to revoke supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release other than those listed in 18 U.S.C. § 3583(g).  18 U.S.C. § 3583(e)(3).  A defendant violates a mandatory condition of supervised release if he commits a federal, state, or local crime.  § 3583(d).  The district court may find that the commission of a crime violates a mandatory condition of release without regard to whether the defendant has been charged with the crime.  United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002); U.S.S.G. § 7B1.1 cmt. n.1.  We review a district court's decision to revoke supervised release for abuse of discretion and its factfinding as to whether a violation occurred for clear error.  United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

The district court found by a preponderance of the evidence that Perkins committed second-degree assault in violation of Mo. Rev. Stat. § 565.082.1 by "recklessly placing a law enforcement officer in danger" of serious physical injury. The testimony before the district court positively identified Perkins as the driver of a car that drove directly toward the deputy, forcing him to move out of its path.  The testimony, which the district court implicitly found to be credible, sufficiently established a violation of section 565.082.1, and thus the district court did not clearly err in its determination that Perkins had violated a mandatory condition of his release. See Missouri v. St. George, 215 S.W.3d 341 (Mo. Ct. App. 2007) (driving directly toward a law enforcement officer and forcing him to move may be considered second-degree assault of an officer in violation of section 565.082); Missouri v. Brown, 989 S.W.2d 652, 653 (Mo. Ct. App. 1999) (same).  Furthermore, Perkins conceded that he had violated a special condition of his release.  The district court did not abuse its discretion by revoking Perkins's supervised release after it determined that he had

committed Grade B and Grade C supervised release violations by assaulting an officer and absconding from his substance abuse program. See Carothers, 337 F.3d at 1019; U.S.S.G. § 7B1.3(a)(1) (policy statement calling for the revocation of supervised release upon a finding of a Grade A or B supervised release violation as defined in U.S.S.G. § 7B1.1(a)).

B.     Sentence

A district court's discretion to impose a prison sentence upon revocation of supervised release is limited by statute. 18 U.S.C. § 3583(e)(3). If the sentence imposed is within the bounds of § 3583(e)(3), we will not disturb it absent an abuse of discretion. United States v. Walker, 513 F.3d 891, 893 (8th Cir. 2008).

Section 3583(e)(3) imposes two limitations on the term for a sentence resulting from the revocation of supervised release, and both are based on the "offense that resulted in the term of supervised release" (original offense). First, the revocation sentence may not exceed "the term of supervised release authorized by statute for the [original offense] without credit for time previously served on postrelease supervision," and second, it may not exceed the absolute maximum revocation sentence provided in § 3583(e)(3) with respect to the class of the original offense. § 3583(e)(3). The district court correctly determined that the statutory maximum for Perkins's original offense, felon in possession of a firearm, a class C felony, was two years. See § 3583(b), (e)(3). Thus, the twenty-four-month revocation sentence imposed by the district court did not exceed its statutory bounds.

A district court abuses its discretion in imposing a revocation sentence if the sentence is unreasonable. United States v. Bear Robe, 521 F.3d 909, 910-11 (8th Cir. 2008) (citing United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) (same standard of reasonableness applies to revocation hearings as to initial sentencing proceedings)). A sentence is procedurally unreasonable if the district court, *inter alia*,

"fail[ed] to consider the § 3553(a) factors, . . . or fail[ed] to adequately explain the chosen sentence." United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008) (quoting Gall v. United States, 128 S. Ct. 586, 597 (2007)); see also United States v. Ellis, No. 06-6340, 2008 WL 2004276, at *3 (10th Cir. May 12, 2008). The § 3553(a) factors relevant to the imposition of a revocation sentence and which the district court must consider are set forth in § 3583(e). United States v. Franklin, 397 F.3d 604, 606 n.3 (8th Cir. 2005). A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal. Robinson, 516 F.3d at 717.

Perkins argues that the district court failed to properly consider and articulate the relevant § 3553(a) factors, including the Chapter 7 policy statements in the Guidelines. A district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors. Franklin, 397 F.3d at 606-07; see also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (a district court is not required to provide a "full opinion in every case," but must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority"). In determining whether a district court has considered the relevant factors, the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing. See Rita, 127 S. Ct. at 2468; Franklin, 397 F.3d at 607. If a district court "references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (internal quotation omitted).

At the time of sentencing, after hearing arguments from both parties, the district court simply remarked that "the record speaks for itself." Because Perkins did not object to the district court's articulation of its reasoning, we review that issue for plain error. Franklin, 397 F.3d at 607. We note that the district court that presided over Perkins's revocation hearing was the same court that imposed Perkins's initial

sentence, modified the conditions of his supervised release to require participation in the substance abuse program, and issued the warrant for his arrest after he absconded from the program. Accordingly, we are satisfied that the court was familiar with Perkins's history, characteristics, and conduct. See id. The district court revoked Perkins's supervised release after finding that he had failed to participate in a necessary rehabilitation program outside of the prison system and that he had assaulted a law enforcement officer. At the outset of the revocation hearing, the district court explicitly discussed with counsel the calculation of the suggested sentence under Chapter 7 of the Guidelines, as well as the statutory maximum. Perkins's revocation sentence falls in the middle of the suggested range of twenty-one-to-twenty-seven months and does not exceed the statutory maximum. In sum, our review of the record satisfies us that the district court considered the relevant § 3553(a) factors and that it did not abuse its discretion in revoking Perkins's supervised release or in imposing the twenty-four month sentence, which we do not find to be unreasonable. In any event, any error on the district court's part in offering no more than an abbreviated articulation of its reasoning did not prejudice Perkins's substantial rights. See id.

The judgment is affirmed.

_____