# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3667

———————

United States of America,              *
                                                   *

              Appellee,         *      Appeal from the United States
                                                   *      District Court for the
      v.                     *      Western District of Missouri.
                                                   *

Christopher Randal Manning,    *     [UNPUBLISHED]
                                                   *

             Appellant.      *

———————

Submitted: June 9, 2008
Filed: July 11, 2008

———————

Before MELLOY, BEAM, and BENTON, Circuit Judges

———————

PER CURIAM.

Christopher Randal Manning, having previously been sentenced for violating supervised release, stipulated to a second violation of supervised release. The district court[1] revoked his supervised release and imposed the maximum sentence of 24 months imprisonment, under 18 U.S.C. § 3583(e)(3). Manning appeals, asserting procedural unreasonableness. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews for abuse of discretion a sentence within the bounds of section 3583(e)(3). *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008).

———————

[1]The Honorable Fernando J. Gaitan, Jr., Chief United States District Judge for the Western District of Missouri.

This court reviews procedural sentencing errors for plain error when, as here, the defendant fails to object in the district court. *See United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008), *petition for cert. filed* (U.S. June 4, 2008) (No. 07-11317).

Manning argues the district court did not adequately consider and articulate the relevant factors under 18 U.S.C. § 3553(a) and Chapter 7 of the United States Sentencing Guidelines.

A sentence is procedurally unreasonable if the court fails to consider the § 3553(a) factors or fails to adequately explain the chosen sentence. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). The district court does not have to make specific findings, and all that is normally required is evidence that the court was aware of the relevant § 3553(a) factors. *Perkins*, 526 F.3d at 1110. The court is not required to categorically rehearse each § 3553(a) factor as long as they were clearly considered. *United States v. Austad*, 519 F.3d 431, 436 (8th Cir. 2008).

Here, the record reveals the court's awareness of the relevant § 3553(a) factors. The court was familiar with Manning's history, characteristics, and conduct because it imposed Manning's initial sentence for bank fraud and revoked his supervised release for the first violation. *See Perkins*, 526 F.3d at 1111. Further, Manning's counsel informed the court that the "Chapter 7 range is twelve to eighteen months" while the government recommended the maximum of 24 months. *See United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005) (finding sufficient consideration of the Chapter 7 policy statements where "the district court was made aware of both the suggested range under Chapter 7 of the Guidelines and the statutory maximum sentence" through counsel's arguments). The court concluded "given the conduct of this defendant, that an extreme sentence would be appropriate." The court adequately explained the chosen sentence.

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____