# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1062

_____

United States of America,      *
     *
        Plaintiff-Appellee,      *
     *    Appeal from the United States
      v.      *    District Court for the District
     *    of Minnesota.
Keith Wells,      *
     *    [UNPUBLISHED]
        Defendant-Appellant.      *

_____

Submitted: February 9, 2009
Filed: February 19, 2009

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Keith Wells pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The district court[1] sentenced him to 57 months imprisonment followed by three years of supervised release. Wells appeals his sentence. We affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

I

On March 12, 2007, Wells entered a Wells Fargo Bank in Minneapolis, Minnesota. Once inside, Wells approached a teller and handed her a note demanding money and directing her to look at his hand. In his hand, Wells was holding a piece of wood concealed underneath a black hat, which gave the impression he was holding a gun. The teller handed Wells $1,385, and he left the bank. Later that day, Wells called his brother, a Minneapolis police officer, and told him he had robbed a bank. Wells's brother took him to a local FBI office, where Wells turned himself in and made a complete confession.

Wells was charged with and pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). At sentencing, the district court calculated Wells's base offense level at 21. Combined with a Criminal History Category III, Wells's advisory Guidelines range was 46 to 57 months. At the sentencing hearing, Wells sought a sentence of 46 months imprisonment. In support of a sentence at the low end of the Guidelines range, Wells stated many of his problems have been caused by his prolonged history of alcohol abuse. According to Wells and his brother (who spoke at the sentencing hearing), Wells lost his job because of his alcohol abuse, and he has unsuccessfully attempted treatment multiple times. Wells stated he was intoxicated at the time of the bank robbery and was not thinking clearly.

The district court asked Wells how many times someone has told him he has a problem with alcohol, to which he responded, "At least fifty." The court then stated:

Not much I can tell you. For some people it's not an issue. For some people it's lethal, and you're in the second category. You're over 21, and any time you want to walk into a store you get to buy some more, and I'll make it illegal for you to do it, but I know you're the only person that can stop you is you. Your brother can't follow you, I can't, your lawyer won't, girlfriend won't, and that's the way it is. And then you start making absolutely ridiculous decisions, and when you start doing

that, you wind up meeting federal judges. Now, that's not the best way for you to spend your time. Okay. I can't give you a lecture, it doesn't do any good, and that's got to be the decision you're going to have to make. But when you come out I'm going to order that you participate in alcohol treatment, and I will strongly suggest you consider getting very actively involved in some kind of program, probably something like AA or something along that line. You just can't handle it. On the other hand, I guess, it'll, the alternative be, on the streets you're going to die. At least we'll keep you alive, and we'll put you in jail. There's a certain measure of value in that, but it's not much of a life. So I will tell you, I'm not angry, although I feel very sympathetic for the tellers. You may have known you weren't going to hurt anybody, but they don't know what the heck's going on, and they're entitled to go to work and have their life.

The court sentenced Wells to 57 months imprisonment and three years supervised release. The court ordered restitution in the amount of $1,385, and it recommended Wells be placed in a facility that would provide an opportunity to participate in the Bureau of Prisons's 500-hour residential drug treatment program.

II

Wells appeals his sentence, arguing it is procedurally flawed and substantively unreasonable. In reviewing a sentence, we must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, --- U.S. ---, 128 S. Ct. 586, 597 (2007). If there is no procedural error, "we then review the 'substantive reasonableness of the sentence' under an abuse of discretion standard considering the totality of the circumstances." United States v. Bain, 537 F.3d 876, 879-80 (8th Cir. 2008) (quoting United States v. Alvizo-Trujilo, 521 F.3d 1015, 1017 (8th Cir. 2008)).

Wells first argues the district court did not adequately explain its reasoning for selecting the chosen sentence, nor does the record demonstrate it considered the 18 U.S.C. § 3553(a) factors. Because Wells did not object to any procedural error below, we review only for plain error. Id. at 881. In this case, there is no procedural error, plain or otherwise.

The district court did not commit procedural error by failing to adequately explain its chosen sentence. The district court's obligation is not to provide "a full opinion in every case," but simply to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468 (2008). Moreover, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Id. Because the district court decided simply to apply the Guidelines in this case, we do not require a lengthy explanation. The court heard the parties' arguments, had before it the presentence report detailing Wells's history of alcohol use and criminal behavior, and imposed the sentence only after extensively considering and discussing Wells's alcohol abuse, which was the only factor advanced by Wells in support of his desired sentence. Thus, the district court sufficiently explained its sentence.

The district court also did not commit procedural error by failing to consider the § 3553(a) factors. "In determining whether a district court has considered the relevant factors, the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing." United States v. Perkins, 526 F.3d 1107, 1110-11 (8th Cir. 2008). Although the court below did not explicitly reference the § 3553(a) factors by name, "Booker, Rita, and Gall were hardly obscure decisions likely to have been overlooked by federal sentencing judges, and we presume that 'district judges know the law and understand their obligation to consider all the § 3553(a) factors.'" United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008)

(quoting United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)).  Thus, "[i]f a district court 'references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute.'"  Id. (quoting Perkins, 526 F.3d at 1111).  In the present case, the district court referenced many of the considerations contained in § 3553(a).  By discussing Wells's history of alcohol abuse, it considered the "history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  By noting how scared the tellers must have been, the court considered "the nature and circumstances of the offense . . . ."  18 U.S.C. § 3553(a)(1).  Finally, the court discussed Wells's need for substance abuse treatment while incarcerated and the need to provide restitution. See 18 U.S.C. § 3553(a)(2)(d) and (a)(7).  As such, the district court sufficiently considered the § 3553(a) factors.

Lastly, Wells argues the sentence is substantively unreasonable.  The district court sentenced Wells to 57 months in prison, a sentence within the advisory Guidelines range.  "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal."  United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (quoting Perkins, 526 F.3d at 1110).  In light of the serious nature of Wells's offense (bank robbery), his criminal history, and his need for substance abuse treatment, we conclude the 57-month term of imprisonment was reasonable.

III

Accordingly, we affirm.

_____