# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3308

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Vincent A. Caulfield, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

———————

Submitted: March 8, 2010
Filed: June 9, 2010

———————

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Appellant, Vincent A. Caulfield, challenges the 24-month sentence imposed by the district court[1] upon revocation of Caulfield's term of supervised release. In 2004 Caulfield was convicted of the unlawful transportation of firearms, see 18 U.S.C. § 922(g)(1), and he was sentenced to 51 months imprisonment and three years of supervised release. Two months after commencement of Caulfield's supervised release, the United States filed a petition seeking revocation of Caulfield's supervised

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

release, alleging the following violations: (1) failure to report for drug testing; (2) failure to report to the probation office; (3) failure to obtain employment; (4) testing positive for methamphetamine; and (5) failure to obtain an evaluation and participate in alcohol and drug abuse treatment. Caulfield admitted the violations and his supervised release was revoked in September 2009. The district court found that Caulfield's advisory Guidelines sentencing range was 8-14 months. However, the district court followed the recommendation of the probation officer and sentenced Caulfield to 24 months imprisonment, with no term of supervised release to follow.[2] In this appeal, Caulfield challenges his sentence, contending that the district court procedurally erred in failing to set forth any reasons for the upward variance. We affirm.

"We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions." United States v. Miller, 557 F.3d 910, 915-16 (8th Cir. 2009). "A sentence is procedurally unreasonable if the district court, *inter alia,* 'fail[ed] to consider the [18 U.S.C.] § 3553(a) factors, . . . or fail[ed] to adequately explain the chosen sentence.'" United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (quoting United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008)). The § 3553(a) factors which are relevant to a sentence imposed upon revocation of supervised release are listed under 18 U.S.C. § 3583(e). United States v. Franklin, 397 F.3d 604, 606 n.3 (8th Cir. 2005). "A district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." Perkins,

---

[2]In December 2008, an indictment was returned in the district court charging Caulfield with being a felon in possession of a firearm. Caulfield entered a plea of guilty to the new charge and sentencing on that charge was combined with sentencing in the revocation case in a single hearing. Caulfield was sentenced on the firearm conviction to a term of 57 months imprisonment to run consecutively to the revocation sentence.

526 F.3d at 1110. Where the sentencing court varies from the advisory Guidelines range, we give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007).

Normally, we review a claim of procedural error in sentencing under a deferential abuse of discretion standard. See United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). Here, however, Caulfield failed to object to the alleged failure of the district court to adequately explain the reasons for the upward variance, therefore we review for plain error. Miller, 557 F.3d at 916. Plain error is error that is plain and affects the appellant's substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). "We will exercise our discretion to correct such an error only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Miller, 557 F.3d at 916 (quoting Olano, 507 U.S. at 732). Applying this standard, we find that the district court explained that, while on supervised release, Caulfield not only committed the five violations giving rise to the revocation petition but also committed another serious crime—being a felon in possession of a firearm. We also note that the district judge who imposed the sentence now under review also imposed Caulfield's initial sentence. We conclude that the district court's explanation was adequate, that the court did not commit error—plain or otherwise—in varying above the advisory Guidelines range by ten months, and that "the § 3553(a) factors, on a whole, justif[ied] the extent of the variance." See Gall, 552 U.S. at 51.

Accordingly, we affirm the judgment of the district court.

_____