# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3812

_____

United States of America,

          Appellee,

    v.

Wade Duane Arvidson, also known
as Michael Duane Damron, also
known as Michael Ray Buringrud,

          Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]

_____

Submitted: June 14, 2010
Filed:  July 16, 2010

_____

Before LOKEN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Wade Arvidson appeals from the sentence of 24 months' imprisonment that the district court[1] imposed after revoking his supervised release. Mr. Arvidson had been sentenced to 30 months' imprisonment for a firearms violation, *see* 18 U.S.C. § 922(g), which he served concurrently with a longer sentence for a state-law crime. After his release, while he was on supervision, he was convicted of theft in a state court resulting in a sentence of 60 months' imprisonment. It was that theft conviction

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

that served as the grounds for the revocation involved here, and the district court imposed its sentence to run consecutively to the sentence for that conviction.

At the revocation hearing, the district court was mindful of its duty to fix a sentence in accordance with 18 U.S.C. § 3583(e), which requires consideration of any applicable policy statements that the United States Sentencing Commission has issued, *see* 18 U.S.C. § 3553(a)(4)(B), in imposing a sentence for a violation of supervised release. The district court correctly concluded that the policy statements provided for an advisory range of 21 to 27 months' imprisonment in the circumstances of Mr. Arvidson's case, *see* U.S.S.G. §§ 7B1.1-7B1.5, and chose a sentence squarely in the middle of that range.

Mr. Arvidson maintains that the sentence is unreasonable because the district court did not give proper weight to the fact that the defendant did not think that he should be under federal supervision after his release on the first state-law crime, or to the fact that he had already served 40 months in state custody for the theft charge that provided the basis for the revocation. Our examination of the record, however, reveals that the district court heard argument on these matters at the revocation hearing and it considered them and all the factors that the statutes require in choosing a sentence. Because the sentence is within the range that the policy statements recommend, it is presumptively reasonable. *See United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). And we have detected nothing in the record that could serve to undermine the presumption.

Mr. Arvidson also contends that the district court should have made the sentence that it imposed run concurrently *nunc pro tunc* with the state sentence for theft, but cites no authority that would require the court to do so. And in fact U.S.S.G. § 7B1.3(f) states that this kind of sentence "shall be ordered to be served consecutively to any sentence that the defendant is serving."

Affirmed.

_____