# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1106

_____

United States of America,                    *
                                             *
                 Appellee,                   *
                                             *    Appeal from the United States
        v.                                   *    District Court for the
                                             *    District of Minnesota.
Sherman Lee,                                 *
                                             *    [UNPUBLISHED]
                 Appellant.                  *

_____

Submitted: October 21, 2011
    Filed: November 25, 2011

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

       Sherman Lee pleaded guilty to two federal offenses: conspiracy to distribute
and possess with intent to distribute 500 grams or more of methamphetamine, in
violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and brandishing a firearm in
furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).
The district court[1] sentenced him to 324 months' imprisonment. Lee appeals his
sentence, and we affirm.

_____

       [1]The Honorable Michael J. Davis, Chief Judge, United States District Court for
the District of Minnesota.

The presence investigation report recommended an advisory guideline range of 262 to 327 months' imprisonment on the conspiracy charge, based on a total offense level of 34 and a criminal history category of VI. The report recommended the mandatory minimum sentence of 84 months' imprisonment on the firearm charge. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Because the sentence on the firearm count must be imposed consecutively to any other term of imprisonment, *see* 18 U.S.C. § 924(c)(1)(A), Lee's advisory sentencing range was 346 to 411 months' imprisonment.

Lee requested a downward departure under the guidelines, arguing that his criminal history category overstated the seriousness of his criminal history. *See* USSG § 4A1.3(b)(1). He also sought a downward variance from the advisory range based on the factors set forth in 18 U.S.C. § 3553(a). The government urged a sentence within the advisory guideline range and suggested that a sentence "toward the high end" of the range was appropriate.

At Lee's sentencing hearing, the district court adopted the presence report's factual statements and advisory guideline calculations. Lee's counsel cited the arguments raised in Lee's motion for a downward departure or variance, and requested a "reasonable sentence that would be in the lower range of what has been requested by the guidelines." The government reiterated its request for a sentence "at the high end of the range," due to Lee's criminal history and the nature of his offenses.

The district court acknowledged Lee's arguments for a downward departure but denied the motion, reasoning that criminal history category VI accurately characterized Lee's criminal history and the likelihood that he will reoffend. The district court sentenced Lee to 324 months' imprisonment. The sentence included 240 months on the conspiracy charge—a 22-month downward variance from the

advisory guideline range—and the mandatory consecutive sentence of 84 months on the firearm count.

On appeal, Lee argues that the district court committed procedural error by failing to consider the § 3553(a) factors and by failing to adequately explain its sentence. Lee did not object at sentencing to these alleged procedural errors, so we review for plain error. *United States v. Townsend*, 618 F.3d 915, 918 (8th Cir. 2010).

The district court adequately considered the § 3553(a) factors and explained its sentence. A district court is not required to make specific findings about each § 3553(a) factor. *United States v. Deegan*, 605 F.3d 625, 630 (8th Cir. 2010). "[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). In determining whether the district court considered the relevant factors, we consider the entire sentencing record, not merely the court's statements at the hearing. *Id.* at 1110-11.

Here, the district court stated that it would consider the § 3553(a) factors in imposing its sentence, and it identified nearly all of the factors before concluding that its sentence was "appropriate based on the above factors." Acknowledging that its sentence was below the advisory guideline range, the court explained that the sentence was "nonetheless significant and . . . sufficient to carry out the Court's purposes in sentencing." The district court based this conclusion on the nature and circumstances of the conspiracy, the large amount of controlled substances involved, and Lee's use of a firearm in furtherance of the conspiracy. *See* 18 U.S.C. § 3553(a)(1). The district court explained that its sentence provided adequate deterrence, protected the public, and recognized Lee's history and characteristics. *See* 18 U.S.C. § 3553(a)(1)-(2). On this record, we are satisfied that the court sufficiently considered the § 3553(a) factors and provided an adequate explanation of the sentence imposed.

Lee also asserts that the district court imposed a substantively unreasonable sentence. He argues that the district court failed to consider numerous facts regarding his history and characteristics and committed a clear error of judgment in weighing the § 3553(a) factors. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and we presume that a sentence imposed within the advisory guideline range is substantively reasonable. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009).

The sentence imposed was not unreasonable. A district court has substantial discretion in determining how to weigh the § 3553(a) factors. *See id.* at 657-58. The district court explained that it had considered the parties' submissions and the presentence report, as well as counsel's arguments and Lee's statement at the sentencing hearing. Although the district court did not address each of Lee's asserted grounds for a variance, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). The district court acknowledged the § 3553(a) factors, and ultimately varied 22 months below the advisory guideline range. Given that a sentence within the range would be presumptively reasonable, "where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009) (internal quotation omitted). Considering the record as a whole, the district court did not abuse its considerable discretion.

The judgment of the district court is affirmed.

_____