# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3283

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Paczesny

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 1, 2013
Filed: March 26, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jeffery Paczesny appeals after the district court[1] revoked his supervised release and sentenced him to 18 months in prison plus 18 months of supervised release. His

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), questioning the reasonableness of Paczesny's revocation sentence.

Upon careful review, this court concludes that the district court did not impose an unreasonable revocation sentence. Paczesny's 18-month prison term is within the permitted statutory range, given that his original offense was a class C felony. *See* 18 U.S.C. § 3583(e)(3) (permitting 2-year revocation sentence where original offense was class C felony); *see also United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) (court reviews revocation sentence for abuse of discretion; district court's discretion to impose prison sentence upon revocation of supervised release is limited by statute). In addition, his 18-month supervised-release term is within the permitted statutory range, because it does not exceed the difference between the term of supervised release authorized by statute for his original offense and the term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h) (when term of supervised release is revoked and defendant is required to serve term of imprisonment, court may include requirement that defendant be placed on term of supervised release after imprisonment; length of such term of supervised release shall not exceed term of supervised release authorized by statute for offense that resulted in original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release); 18 U.S.C. § 3583(b)(2) (authorized term of supervised release for class C felony is not more than 3 years). Finally, the district court gave sound reasons to justify its revocation sentencing decision.

This court affirms, and grants counsel leave to withdraw.

_____