# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2919

_____

United States of America

*Plaintiff - Appellee*

v.

Norman Dudley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 12, 2018
Filed: May 4, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MURPHY and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After the district court[1] found that Norman Dudley had violated the conditions of his release by walking out of a department store wearing a hat for which he had not

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

paid, the court revoked Dudley's supervised release and imposed a sentence of ten months' imprisonment followed by one year of supervised release. Dudley appeals, arguing that the district court erred in finding he had violated a condition of his supervised release; he claims that leaving with the hat on was an innocent mistake. He also argues that his sentence was unreasonable.

Upon careful review, we hold that the district court did not clearly err in finding by a preponderance of the evidence that Dudley violated his supervised release by committing a new law violation. The surveillance video of Dudley shoplifting was played at the revocation hearing and the record shows that the district court did not find Dudley's excuse plausible. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (noting that the government must prove that a defendant violated a condition of supervised release by a preponderance of the evidence; we review a district court's finding that a violation occurred for clear error; a district court's credibility determinations are virtually unreviewable on appeal). We further hold that Dudley's prison sentence is reasonable because it is within the advisory guidelines range and the district court considered the appropriate statutory factors. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (concluding that the district court properly considered the relevant § 3553(a) factors because it was aware of the defendant's "numerous and repeated violations of the conditions of his supervised release," the defendant's suggested range under Chapter 7 of the guidelines, the statutory maximum sentence, and the defendant's history and characteristics).

The judgment of the district court is affirmed.

_____