# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1566
_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan L. McConville

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 13, 2020
Filed: June 2, 2020
[Unpublished]
_____

Before BENTON, BEAM, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jonathan Lee McConville pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1] sentenced him

_____

[1] The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

to 180 months' imprisonment and three years' supervised release. After *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court resentenced him under 18 U.S.C. § 924(a)(2) and reduced his sentence to 72 months' imprisonment and three years' supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

After serving his sentence, McConville violated two conditions of supervised release: (1) unlawfully using "a controlled substance" (TCH); and (2) committing "another federal, state or local crime" (twice fleeing police). At his revocation hearing, McConville admitted both violations. The court sentenced him to the statutory maximum of 24 months. He appeals the sentence.

McConville believes his within-guidelines-range sentence is substantively unreasonable. This court reviews a revocation sentence "under a deferential abuse-of-discretion standard." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). A within-guidelines sentence is presumptively reasonable on appeal. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

First, McConville argues the court failed to consider a relevant factor, his acceptance of responsibility. *See United States v. Jimenez-Gutierrez*, 491 F.3d 923, 927 (8th Cir. 2007) (noting that a defendant's acceptance of responsibility is a "relevant and proper" factor under 18 U.S.C. § 3553(a)). Determining whether a district court considered the relevant § 3553(a) factors, this court reviews "the entire sentencing record, not merely the district court's statements at the hearing." *United States v. Perkins*, 526 F.3d 1107, 1110-11 (8th Cir. 2008). This court presumes that "district judges know the law and understand their obligation to consider all of the § 3553(a) factors." *United States v. Gray*, 533 F.3d 942, 943 (8th Cir. 2008).

During the revocation hearing, both McConville and the government conceded that McConville accepted responsibility for his violations. McConville's counsel said: "Judge, we're asking the Court to consider giving Mr. McConville credit for accepting responsibility, admitting his conduct in this case, and we're asking you to consider a sentence of 12 months and one day with no supervision to follow." The court declined: "I can't follow your attorney's recommendation to sentence you to a year and a day, primarily because of your history and characteristics, the nature and circumstances of this offense, the need to promote respect for the law, and, above all, the need to protect the community." Although the district court did not specifically comment on McConville's acceptance of responsibility, it did not abuse its discretion. *See Perkins*, 526 F.3d 1107, 1110-11 (holding that the district court sufficiently considered the § 3553(a) factors, despite only briefly commenting that "the record speaks for itself," because the judge previously sentenced the defendant and knew his history, characteristics, and conduct). The court was familiar with McConville's history and fully considered the § 3553(a) factors, particularly the seriousness of his offense and his increasing threat to public safety. *See United States v. Holdsworth*, 830 F.3d 779, 786 (8th Cir. 2016) (holding that the failure to give "purportedly mitigating factors" as much weight as a defendant prefers "does not justify reversal").

Second, McConville asserts his 24-month sentence fails to distinguish him from defendants in similar circumstances who refuse to take responsibility. This argument has no merit because the district court made an individualized assessment of McConville's case. *See United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014) ("Where a district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." (cleaned up)). "While the Supreme Court said that district courts . . . should 'take account of sentencing practices in other courts,' . . . it is unrealistic to expect that in any given case, the parties can produce information about individual sentences imposed in numerous proceedings around the country that may involve offenders similar to the defendant under consideration." *See United States v. Barron*, 557 F.3d 866, 869 (8th

Cir. 2009), *quoting Kimbrough v. United States*, 552 U.S. 85, 108 (2007). "It would give too much weight to the decision of one district judge if we were to require that the sentencing court use a single example cited by one party as the reference point for an appropriate sentence under § 3553(a)." *Id.*

McConville's sentence was substantively reasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____