# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-2663

———————————————

United States of America

*Plaintiff - Appellee*

v.

James Lee Bixby

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Eastern

——————————

Submitted: December 21, 2020
Filed: December 28, 2020
[Unpublished]

——————————

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

James Lee Bixby appeals after the district court[1] revoked his supervised release and sentenced him to a term of imprisonment within the advisory sentencing

———————————————

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

guidelines range, to be followed by two years of supervised release. His counsel has moved for leave to withdraw and has filed a brief challenging the sentence.

To the extent Bixby challenges the sufficiency of the evidence, we conclude that the district court did not clearly err in finding, by a preponderance of the evidence, that Bixby violated the conditions of his supervised release by using marijuana two times. *See* 18 U.S.C. § 3583(e)(3); *United States v. Black Bear*, 542 F.3d 249, 252 (8th Cir. 2008). The district court therefore did not abuse its discretion in revoking supervised release. *See* 18 U.S.C. § 3583(g)(4); *United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009). We also conclude that the revocation sentence was not unreasonable, as the court stated it considered all of the 18 U.S.C. § 3553(a) factors that apply in a revocation hearing, and there is no indication that the court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment when it imposed a sentence within the guidelines range. *See* 18 U.S.C. § 3583(e); *Miller*, 557 F.3d at 917 (explaining the standard of review); *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) (reiterating that the district court has wide latitude to weigh the § 3553(a) factors); *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) (stating that a sentence within the guidelines range is accorded a presumption of substantive reasonableness on appeal). Furthermore, the revocation sentence is within the statutory maximum. *See* 18 U.S.C. § 3583(b)(2), (e)(3), (h).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____