# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3329
_____

United States of America

*Plaintiff - Appellee*

v.

Charles Julius Webster, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: March 17, 2023
Filed: March 31, 2023
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Charles Webster, III appeals after the district court[1] revoked his supervised release and sentenced him to 21 months in prison and 60 months of supervised

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

release.  His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's finding that a Grade B violation occurred and the substantive reasonableness of the sentence.

After careful review of the record, we conclude that the district court did not clearly err in finding that Webster committed a Grade B violation of his supervised release.  *See* 18 U.S.C. § 3583(e)(3) (providing for revocation of supervised release if the court finds by a preponderance of the evidence that the defendant violated a release condition); *United States v. Black Bear*, 542 F.3d 249, 252 (8th Cir. 2008) (reviewing a decision to revoke supervised release for abuse of discretion and the subsidiary finding as to whether a violation occurred for clear error).

We also conclude that the court did not abuse its discretion in imposing the amended revocation sentence.  *See United States v. Miller*, 557 F.3d 910, 917-18 (8th Cir. 2009).  The revocation sentence is within the Guidelines range and accorded a presumption of substantive reasonableness on appeal.  *See United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008).  Moreover, there is no indication that the district court overlooked a relevant 18 U.S.C. § 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors.  *See United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004).

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____