# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-3347

———————————————

United States of America

*Plaintiff - Appellee*

v.

Edward Green Harrison

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: April 11, 2023
Filed: May 8, 2023
[Unpublished]

——————————

Before BENTON, GRASZ, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Edward Green Harrison pled guilty to conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to life in prison, later reduced to 313 months, with six years of supervised release. He was released in 2021. He violated the conditions

of release by using cocaine. The district court[1] revoked his supervised release, imposing a sentence of time served, with three years of supervised release. Within days, he tested positive for cocaine. The probation office directed him to obtain substance abuse and mental health evaluations. Twice more he tested positive for cocaine. He agreed to a home confinement condition pending placement in a drug treatment program. He violated this condition. The district court revoked his supervised release, sentencing him within the guidelines to 8 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Harrison argues the district court erred in finding he violated the home confinement condition of release. A court may revoke a defendant's supervised release if it finds a violation by a preponderance of the evidence. *See United States v. Perkins*, 526 F.3d 1107, 1109 (8th Cir. 2008). This court reviews the factual finding that a violation occurred for clear error. *Id.*

Harrison's home confinement condition stated:

> You must participate in home confinement without the utilization of electronic monitoring equipment until a bed is available at inpatient treatment. During this time, you must remain at your place of residence except for employment, medical appointments, or substance abuse testing and treatment, and other activities approved in advance by the Probation Officer. You must provide the Probation Officer with requested documentation. You must follow all program rules.

On October 7, 2022, Harrison's probation officer visited his house. He was not home. He later texted the probation officer that he had been picking up his paycheck. The probation officer told him that he could not leave his house "for any reason other than to go to work (work your shift, not pick up paychecks) or

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

treatment." For the next five days, Harrison was not in contact with his probation officer. When he finally met with his officer, Harrison refused to give a urine sample.

The probation officer petitioned for an arrest warrant, asserting a violation of the home confinement condition and failure to give a urine test. Harrison stipulated to failure to comply with drug testing. He contested the home confinement violation, arguing that picking up his paycheck was "employment." Hearing testimony from Harrison and his probation officer, the district court found violations of both conditions. About the home confinement condition, it said:

> Even if there was some confusion—I don't think there was, but even if there was confusion about whether or not the defendant was allowed to pick up his paychecks, he was still required to communicate when he left his house and when he was home.
>
> He could have picked up his paycheck en route to work. That was certainly something that probably would have been permitted by the probation office. He could have asked the probation office for permission to go pick up his paycheck and cash the check. That probably would have been granted as well, but he didn't do either of those things.
>
> Then he was explicitly told on October 8 that he needed to text his probation officer every time he got home and every time he left his house, and he proceeded to drop out of contact with her entirely for the next five days. He acknowledges he left his home for those periods of time and didn't touch base with her. He only finally responded to her when she reached out to his sister in the hopes that we could avoid issuing a warrant for him for absconding.
>
> It's clear the defendant wants to do what the defendant wants to do the way he wants to do it. The problem for him is that is just not how supervised release works.

The district court did not clearly err in finding that, at the very least, Harrison violated the home confinement condition for the five days when he left his house and did not contact his probation officer.

## II.

Harrison asserts his bottom-of-the-guidelines sentence is substantively unreasonable. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017). An abuse of discretion occurs when the court "fails to consider a relevant factor that should have received significant weight," "gives significant weight to an improper or irrelevant factor," or makes a "clear error of judgment" in weighing appropriate factors. *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The district court thoroughly discussed the reasons for the sentence:

I reduced your sentence. I reduced your supervised release.

You came out, and you caused problems, and I again gave you another chance, and I again reduced your supervised release. When it was, in fact, mandatory that I revoke you, I gave you a time-served sentence, and I turned you loose again. You continued to use, and instead of revoking you, I gave you home confinement.

The conditions of home confinement are not onerous. You're told to text your probation officer when you leave for work and text your officer when you get home. You refused to do that. You're to drug test. You show up, you're belligerent, you're angry, you won't provide a urine specimen, and when you do, it tests positive for a variety of drugs. That's not an unreasonable request that society has made of you that you stay off drugs and that you stay in touch with us.

-4-

And then you show up and you have, you know, the attitude you have. And while you're in jail pending resolution of this situation, you manage to acquire and use drugs in the correctional institution and involve somebody else in it. That is not speaking well to any kind of rehabilitative efforts you've made.

So I have tried all the things I know how to try outside of putting you back in custody, and you have opted not to take any of those opportunities I have given you.

You had originally a ten-year term of supervised release. I have cut that down to three years. I am not going to reward you for behaving badly by taking you off of supervised release. You need to learn to live a life without drugs because when you buy crack cocaine, when you buy cocaine, when you buy marijuana, you are involving yourself with drug dealers who are breaking the law, and you are going to get sucked back into the world that cost you 23 years of your life. That's why we're trying to keep you sober. That's why we're trying to keep you away from those types of influences.

And you may have been a run-of-the-mill drug dealer, as you call yourself, back when this federal prosecution happened, but you had some ugly stuff on your criminal record, and that's part of why you ended up with a long sentence. You were a category VI offender. You had convictions for burglary, for robbery, for theft, for delivery of crack cocaine, for escaping, for possessing cocaine.

So this is not, you know, the big bad government out to get you unfairly. This is a government trying to work with you through decades of changing norms and changing ideas, but your attitude that you've been the victim here is not helpful, and it's not going to get you where you want to get.

The district court considered the § 3553(a) factors. Although Harrison disagrees with the weight assigned to each factor, this does not justify reversal. *See United States v. Moua*, 895 F.3d 556, 560 (8th Cir. 2018) (describing district court's "wide latitude" to "assign some factors greater weight than others"). The district court was well within its discretion in imposing the sentence.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____