# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2985

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Hum

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 9, 2014
Filed: September 10, 2014
[Published]

_____

Before BYE, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Christopher Hum appeals the revocation of his supervised release and resulting 60-month commitment to the Bureau of Prisons as substantively unreasonable. Having jurisdiction under 18 U.S.C. § 3742, we affirm.[1]

On August 15, 2006, Hum pled guilty to conspiracy to manufacture 500 grams or more of methamphetamine under 21 U.S.C. § 846. On December 8, 2006, Hum was sentenced to four years of imprisonment followed by five years of supervised release. On January 8, 2010, Hum began his term of supervised release. On September 7, 2012, Hum's probation officer filed a petition requesting the court set a revocation hearing based on Hum's failure to report for drug testing on five occasions; his submission of urine samples that tested positive for controlled substances on four occasions; his attempt to alter his drug test through the use of a "whizzonator" on December 1, 2010; and his arrest for assault on August 24, 2012. On January 28, 2013, a status hearing on the petition was set for February 4, 2013. On January 30, 2013, Hum submitted a urine sample that was later confirmed positive for marijuana. When Hum appeared for the February 4 status hearing, he again submitted a urine sample that tested positive for marijuana. At the conclusion of the status hearing, and by agreement of the parties, the district court modified Hum's supervised release conditions to include placement in a residential re-entry center for six months.

After several continuances to allow for resolution of Hum's pending assault charge, a supervised-release-revocation hearing was held on May 31, 2013. At this hearing, evidence of additional violations was offered: a March 11, 2013, urine sample that tested positive for amphetamine and Hum's failure to attend substance abuse treatment since February 14, 2013. Because Hum had possessed a controlled substance, refused to comply with drug testing, and tested positive for controlled

---

[1]The Honorable Brian Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

-2-

substances more than three times in the course of one year, the district court found revocation of his supervised release was mandatory. See 18 U.S.C. § 3583(g). The court calculated Hum's advisory sentencing guideline range to be 4–10 months' imprisonment and noted the statutory maximum sentence of imprisonment was 60 months. Hum admitted to all the violations of supervised release but requested the opportunity to stay at the residential re-entry center rather than be returned to prison, "guarantee[ing]" he would "never be back in this courtroom again for any violation of any sort whatsoever." The court questioned whether Hum really wanted to make guarantees, given his inability to abide by the terms of his supervised release thus far, stating:

> If you take this four months, go on down and do your four months and come on back out, or essentially what you can do is you can hold five years over your head. Because if you come back in my courtroom, I'm giving you the max. You understand?

Hum acknowledged that he understood. The court cautioned Hum about the difficulty he might face in abiding by the conditions of his supervised release given his drug addiction:

> From what I see, most people who have drug problems don't choose to. Who would choose to be addicted to drugs or alcohol or anything. It's something that's not of your choosing, but it's something that has you in its grips. And most people who are on drugs, when everything's going fine, they're doing fine. But what happens when you're depressed and it's two o'clock in the morning or three o'clock in the morning and the drugs start calling you.
>
> That's where your problem's going to come in. And what I would say to you is, if that happens to you, you just start weighing out, is it worth five years. And for everybody back there who's supporting you right now in court, I want y'all to know if he slips up, I'm sending him away for five years. And I'm just telling you right now that's what's going to

happen, so we've made the deal, I'm willing to live by it, Mr. Hum. I just hope you are. Okay?

Hum again confirmed that he understood the consequences of not abiding by the terms of his supervised release. The court then revoked Hum's term of supervised release, and ordered that he remain at the center until September 11, 2013, approximately three more months.

After the May 31, 2013, revocation hearing, Hum again violated the terms of his supervised release: on July 4, 2013, Hum returned to the residential re-entry center after consuming alcohol, registering over .02 on a breathalyzer test; and he was terminated from the center on July 8, 2013, for non-compliance with the program. In addition, on August 19, 2013, Hum provided a urine sample that tested positive for amphetamine, and he admitted to his probation officer that he had used Adderall, a drug for which he did not have a lawful prescription. The district court held a hearing on these additional violations on August 30, 2013. At this hearing, the court reviewed with Hum in detail the discussion they had at the May 2013 hearing about the consequences of any additional violations of his supervised release. Hum acknowledged the district court had advised him at the May hearing that he faced a sentence of imprisonment of 60 months if he again violated the terms of his release. Hum admitted the new violations, which the court found were "Grade C" violations. With a criminal history category II, the advisory sentencing guideline range was 4–10 months' imprisonment. Hum asked for a sentence within the advisory guideline range; the government made no recommendation.

The court sentenced Hum to a 60-month term of imprisonment with no supervision to follow. In explaining the sentence, the district court stated: "I'm faced with the position that's somewhat of an untenable position. Sticking a man in prison for five years for drinking beer and taking Adderall." The district court went on to state, "Now, I don't know if simply because you agreed to it, if that keeps me from

being reversed on appeal. I don't know. But I think when judges say they're going to do something, if I don't stick by what I tell you I'm going to do, then anybody who comes in my courtroom is going to believe that I'm just up here making stuff up and I'm not going to live by it." Finally, the district court summarized, "So I don't know what the Eighth Circuit's going to do on this, but I will tell you I'm going to stick by what I said, Mr. James [Hum's attorney]. Mr. Hum, what I'm going to do is I'm going to order you to the department of corrections for a term of 60 months in the Bureau of Prisons."

We review the substantive reasonableness of a revocation sentence under a deferential abuse-of-discretion standard. United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009) (quotation omitted). "Although the district court is required to consider certain factors set forth in [18 U.S.C.] § 3553(a) in a supervised-release-revocation sentencing, there is no requirement that the district court make specific findings relating to each of the factors considered." United States v. Franklin, 397 F.3d 604, 606–07 (8th Cir. 2005) (internal quotation and footnote omitted). A district court does not need to "mechanically list" every § 3553(a) factor considered; "[a]ll that is required is evidence that the court has considered the relevant matters and that some reason be stated for its decision." United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (citation omitted). "If a sentencing judge references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." Id. (quotation omitted).

Hum asserts the district court failed to consider relevant factors, instead relying exclusively on an improper factor—the court's "promise/threat" to sentence him to

the maximum sentence should he again violate the terms of his supervised release. Hum argues the sentence was too harsh given that his violations were Grade C violations. He further contends the court did not take into consideration the factors set forth in 18 U.S.C. § 3553(a), specifically the "goals of deterrence, incapacitation, rehabilitation, and sentencing uniformity." We disagree.

Having presided over both the February 2013 status hearing, during which Hum agreed to a modification of the terms of his supervised release, and the May 2013 revocation hearing, where Hum admitted to additional violations, the district court was well aware of Hum's history and characteristics, including his history of substance abuse and need for substance abuse treatment. At the May 2013 hearing, the court discussed extensively with Hum how difficult it could be for individuals addicted to drugs or alcohol to comply with the conditions of supervised release, since addiction is "something that's not of your choosing."

Contrary to Hum's assertions, the district court properly considered relevant sentencing factors before imposing the sentence. The court noted the leniency Hum previously had been shown when his supervised release was modified, rather than revoked. The court also recognized the need for both specific and general deterrence. The court read almost verbatim from the transcript of the May 2013 hearing, reminding Hum of what he had agreed to in exchange for the opportunity to return to the residential re-entry center in lieu of prison, and it expressed the importance of maintaining respect for the court's directives generally. Finally, the court noted that Hum had been difficult to supervise, and that he had portrayed an attitude "almost like the rules [didn't] apply to [him]." Based on the reasons given by the court, which were well explained to Hum, we cannot say the sentence, while lengthy, was unreasonable. See, e.g., United States v. Larison, 432 F.3d 921, 924 (8th Cir. 2006) (concluding 60-month revocation sentence not unreasonable even though advisory guideline range was 5–11 months when court considered defendant's repeated

violations of supervised release, inability to complete drug treatment programs, and continuing criminal conduct despite probation office leniency).  Therefore, we affirm.

_____