# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2736

_____

United States of America

*Plaintiff - Appellee*

v.

Dayton Matthew Heins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs
_____

Submitted: September 19, 2016
Filed: September 26, 2016
[Unpublished]
_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Dayton Matthew Heins appeals the district court's[1] revocation of his supervised release and imposition of a ninety-day prison sentence. The court imposed this

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

sentence after Heins violated conditions of his supervised release for the third time. For the reasons discussed below, we affirm.

## I.  BACKGROUND

In 2009, law enforcement officials executed a search warrant at Heins' home in Ames, Iowa.  During the search of Heins' home, law enforcement seized his computer and all accompanying storage media.  A scan of the computer revealed over 2,000 images of child pornography.  On March 16, 2011, Heins pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and was sentenced to thirty months in prison and five years of supervised release.  As part of his supervised release, Heins was not to possess or use a computer without permission from the court, view or possess pornography or sexually explicit material, or have contact with minors.  He was also required to submit to mental heath treatment and sex offender treatment, participate in the residential reentry program, register as a sex offender, and submit to polygraph tests.

Since the start of his supervised release in June 2013, Heins' conditions of release have been modified twice.  First, on October 19, 2013, Heins attended the Story County Halloween Hike where he knew many minors were in attendance. Based on this violation, the court modified his supervision to include a program of curfew supervision and a monitoring device.  Second, in February 2015, law enforcement found him using a computer in his home.  Again, his sentence was modified to require Heins to reside at the residential reentry program for up to 120 days and to submit to random searches of his person, property, residence, office, vehicles, papers, computers, etc.

In July 2015, Heins violated the provisions of his supervised release for the third time.  He failed to show up to his group sex offender treatment sessions on July 15 and July 22, and provided no explanation for his absences to his probation officer.

He told his group treatment provider that "he got busy at home working on his compost pile" and testified at his revocation hearing that he missed the meetings because he "was so swamped with finding work and with taking care of the household." He also violated his release by using computers at his parents' house, the Salvation Army, and Iowa State University. He claims he was using the computers to find work.

At the revocation hearing, the court considered the § 3553(a) factors and the Chapter 7 policy statements of the Guidelines and then determined Heins' Guidelines range using the Revocation Table in § 7B1.4(a). With a criminal history category of I and having committed a Grade C violation, his Guidelines range was three to nine months for this violation. The court revoked Heins' supervised release and sentenced him to ninety days' imprisonment, the bottom of his Guidelines range, with thirty months of supervised release to follow. Heins now appeals, arguing that the district court abused its discretion when it revoked his supervised release.

## II.    DISCUSSION

"We review a district court's decision to revoke a defendant's supervised release for an abuse of discretion." United States v. Melton, 666 F.3d 513, 516 (8th Cir. 2012). A court abuses its discretion when "it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Hum, 766 F.3d 925, 927 (8th Cir. 2014) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

Heins argues that the district court abused its discretion when it revoked his supervised release. We disagree. First, Heins was released from prison on February 19, 2016. Because he has served his entire ninety-day sentence, we are unable to grant relief. Thus, the issue is moot. See United States v. Williams, 483 F.3d 889,

889 (8th Cir. 2007) (holding that the appeal of the defendant's sentence was moot because she was released during pendency of appeal so that effective relief was impossible).  Second, there was no abuse of discretion.

> The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .

18 U.S.C. § 3583(e)(3).  Here, Heins admitted that he violated two conditions of his supervised release.  The court considered the § 3553(a) factors and the Chapter 7 policy statements of the Guidelines and then correctly determined Heins' Guidelines range using the Revocation Table in § 7B1.4(a).  After noting the futility of previous supervised release modifications and the uselessness of alternatives, such as a GPS tracker, the court sentenced Heins to the bottom of his Guidelines range, which is presumptively reasonable.  United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009).  Thus, the district court did not abuse its discretion, and Heins is not entitled to the relief requested.

III.    CONCLUSION

The judgment of the district court is affirmed.

_____

-4-