# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1086

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua P. Randolph

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 19, 2016
Filed: October 14, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Joshua P. Randolph appeals from the 24-month sentence the district court[1] imposed upon revoking Randolph's supervised release, arguing that the sentence is substantively unreasonable. We affirm.

Randolph pleaded guilty in 2009 to being a felon in possession of a firearm. See United States v. Randolph, 628 F.3d 1022 (8th Cir. 2011). He was ultimately sentenced to 77 months' imprisonment, to be followed by three years of supervised release. Randolph began his term of supervised release in January 2014. The probation office submitted two violation reports in 2014, after drug tests showed that Randolph had used PCP and alcohol. On September 10, 2015, Randolph's probation officer submitted another violation report, alleging several supervised-release violations, including a positive drug test for marijuana, failure to report for drug testing, failure to submit monthly reports for two consecutive months, and violations of law.

Randolph denied that he had violated the law, but admitted to the remaining violations. The court found that Randolph had committed the violations to which he had stipulated and noted that it would not make a finding whether he had violated the law. Based on Randolph's criminal history category of VI, the U.S. Sentencing Guidelines Manual (Guidelines) recommended an advisory sentencing range of 8 to 14 months' imprisonment. Randolph requested a sentence within that range, arguing that he had shown positive changes, including taking college courses and starting a landscaping business. The district court explained that its decision was based on "the totality of the circumstances," which included Randolph's criminal history, drug use, and repeated violations of the conditions of supervised release, as well as "the fact that he is going to school and trying to better himself in that sense." The court noted that Randolph's pattern of illegal conduct and drug use indicated that he was

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

dangerous and that an above-Guidelines sentence was therefore warranted to protect "the safety and [welfare] of the folks in the community." Accordingly, the district court imposed a 24-month sentence, the maximum permitted under 18 U.S.C. § 3583(e)(3), with no supervised release to follow.

We review a revocation sentence for abuse of discretion. United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). A district court abuses its discretion and imposes an unreasonable sentence when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Goodon, 742 F.3d 373, 376 (8th Cir. 2014) (quoting United States v. Maxwell, 664 F.3d 240, 245 (8th Cir. 2011)). If a sentencing judge addresses "some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute" and that it considered all of the relevant factors. United States v. Hum, 766 F.3d 925, 928 (8th Cir. 2014) (per curiam) (quoting United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004)).

Randolph argues that the district court failed to consider all of the § 3553(a) factors; that the court placed too much weight on his criminal history, which the Guidelines had already accounted for; and that the court committed a clear error of judgment in imposing a 24-month sentence in light of Randolph's mitigating factors. As recounted above, however, the record belies his contention that the district court's discussion of his criminal history was insufficient to demonstrate that it had considered all of the relevant factors. That the court accorded Randolph's mitigating factors less weight than Randolph would have liked does not render the sentence unreasonable.

The judgment is affirmed.

_____

-3-