# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3906

_____

United States of America

*Plaintiff - Appellee*

v.

Gerald Wright

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 17, 2016
Filed: October 27, 2016
[Unpublished]

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Gerald Wright appeals the district court's[1] revocation of his supervised release and imposition of a ten-month term of imprisonment. For the reasons discussed below, we affirm.

## I. BACKGROUND

On October 14, 2004, Wright was charged in a one-count information with conspiracy to manufacture and distribute 50 grams or more of methamphetamine after a prior conviction for a felony drug offense, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 846, and 851. The prior felony drug offense occurred in 1988 when Wright was convicted of possession of marijuana with intent to distribute. On October 25, 2004, Wright pled guilty. With a criminal history category of III, his United States Sentencing Guidelines range was 135 to 168 months. He was sentenced to 101 months in prison with eight years of supervised release to follow. On July 22, 2011, Wright began his original term of supervised release. On April 6, 2012, he was cited for having an open container. The district court modified the terms of his supervised release without a hearing to include participation in the Remote Alcohol Testing Program for up to 120 days. After this modification, Wright refused to participate in the requisite substance abuse treatment seven times and failed to submit monthly reports three times, a total of ten violations of his supervised release. At Wright's revocation hearing on May 6, 2015, the district court decided against a term of imprisonment and modified the conditions of his release to include 40 hours of community service to be completed within 60 days. Wright failed to complete the required community service hours, and on July 16, 2015, at his second revocation hearing, he was sentenced to two weekends in prison.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

On August 7, 2015, Wright provided a diluted urine sample. Because a diluted sample cannot be tested, it automatically counted as a violation of the conditions of his supervised release. On September 22, 2015, Wright's probation officer learned that a September 3 drug test came back presumptively positive for marijuana. When confronted, Wright admitted that he had smoked marijuana approximately ten times and that he had smoked as recently as September 20. A drug test on September 25, 2015, was also presumptively positive for marijuana. On October 8, 2015, prior to Wright's third scheduled revocation hearing, he again tested positive for marijuana.

At the revocation hearing at issue in this case, held on November 30, 2015, the district court discussed the numerous supervised release violations mentioned above. It also noted that the court had been extremely lenient in the original sentence and in each subsequent supervised release modification. The court took into account the services offered to Wright, which included participation in a residential drug abuse program, substance abuse and self-control program, and maintenance of a responsible thinking journal, as well as mental health treatment for depression and anxiety. The court also reviewed his criminal history, which consists of several possession-of-controlled-substance charges, possession with intent to distribute, domestic abuse, criminal mischief, and a conviction for being a felon in possession of a firearm. The court finally observed that Wright was employed and currently living with his girlfriend.

According to § 7B1.1 of the Guidelines, the violations of Wright's supervised release were all Grade C violations, meaning the offenses were "punishable by a term of imprisonment of one year or less; or . . . a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). With a criminal history level of III at the time of the original sentence, the Guidelines range was five to eleven months' imprisonment. When arguing for a sentence at the lower end of the Guidelines range, Wright's attorney acknowledged Wright's mental health issues but belabored his alleged ability to change with help and the possibility of Wright continuing his job

when he returned from prison. The court "carefully considered the options . . . available; and . . . considered the factors at 18 United States Code Section 3553(a)." The court also noted that it "tried . . . to help [Wright] turn things around, by helping him connect with the services that he needs" and "tried to be supportive, in that in the prior revocations, [the court had not] sent him back to prison." However, because Wright did not seem to be "coming to grips with the issues that he has" or "working on his problems," the court sentenced him to ten months' imprisonment and two years of supervised release. Wright now appeals, arguing that the district court erred by failing to fully and carefully consider all of the § 3553(a) factors and imposing an unreasonable sentence.

## II. DISCUSSION

We review the district court's decision to revoke supervised release for an abuse of discretion. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)). A prison sentence within the Guidelines is presumptively reasonable, United States v. Scales, 735 F.3d 1048, 1052 (8th Cir. 2013), and the defendant bears the burden of rebutting this presumption, United States v. Goodale, 738 F.3d 917, 926 (8th Cir. 2013).

Wright argues that the district court erred by failing to consider all of the statutory factors found in 18 U.S.C. § 3553(a). We disagree. The court specifically stated that "in arriving at this sentence [it took] into account and consideration all the factors at 18 United States Code Section 3553(a) that apply in a revocation situation." The court took into account Wright's mental health, substance abuse history,

-4-

extensive criminal history, and repeated violations of the conditions of his release, as well as the seriousness of the underlying conviction. It also "carefully considered the options . . . available."

According to Wright, although the court considered *some* of the § 3553(a) factors, it deliberately overlooked the mitigating factors. However, the court is not required to "make specific findings on the record about each" § 3553(a) factor. United States v. Fry, 792 F.3d 884, 891 (8th Cir. 2015) (quoting United States v. Deegan, 605 F.3d 625, 630 (8th Cir. 2010)). And here, where Wright's counsel presented arguments for a sentence at the lower end of the Guidelines range based on certain § 3553(a) factors, "we may presume that the court considered those factors." United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009). Ultimately, "[t]he district court's decision to place greater emphasis in this case on factors that favored a sentence within the advisory range . . . [rather] than on other § 3553(a) factors that might favor a more lenient sentence is a permissible exercise of the [court's] considerable discretion" allowed under the abuse-of-discretion standard of review. United States v. Ruelas-Mendez, 556 F.3d 655, 658 (8th Cir. 2009).

Wright's argument that this sentence does not promote respect for the law or provide just punishment for the offense is also without merit. The court imposed a lenient original sentence, sentencing Wright below the Guidelines range, and later modified the terms of his release twice before sentencing him to any prison time for numerous violations of his supervised release. The punishment reasonably increased with the number of violations to provide "both specific and general deterrence." United States v. Hum, 766 F.3d 925, 928 (8th Cir. 2014). Thus, the district court adequately considered the factors in 18 U.S.C. § 3553(a). Because the sentence was within the Guidelines range, we "apply a presumption of reasonableness," Gall v. United States, 552 U.S. 38, 51 (2007), and Wright has not presented evidence to rebut this presumption. Therefore, the district court did not abuse its discretion by revoking Wright's supervised release and imposing a ten-month term of imprisonment.

## III.  CONCLUSION

The judgment of the district court is affirmed.

_____