# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-1871

———————————————

United States of America

*Plaintiff - Appellee*

v.

Larry Dean Rederick

*Defendant - Appellant*

———————

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

———————

Submitted: October 16, 2017
Filed: December 13, 2017
[Unpublished]

———————

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

———————

PER CURIAM.

Larry Dean Rederick appeals his revocation sentence, arguing his within-Guidelines sentence is substantively unreasonable. We affirm.

## I. *Background*

In 2014 Rederick pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(3). The district court[1] sentenced Rederick to two months' imprisonment followed by supervised release. After his prison sentence and after serving time in state custody for an unrelated offense, Rederick did well for almost a year on supervision. He complied with his release conditions and worked hard running his own construction and vehicle-repair business.

Unfortunately, his compliance did not last. In spring 2017 the probation office petitioned the district court to revoke Rederick's supervised release for drug-related violations. At the revocation hearing, Rederick admitted to three Grade C violations involving methamphetamine. The district court revoked Rederick's supervised release. It sentenced him to 14 months' imprisonment and 22 months' supervised release, the top of the calculated Sentencing Guidelines range.

## II. *Discussion*

On appeal, Rederick argues that the district court failed to consider his methamphetamine addiction, his acknowledgment of the problem, and his period of success on supervision. For these reasons, he says his sentence is substantively unreasonable.

We review the reasonableness of a revocation sentence under a deferential abuse-of-discretion standard. *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

factors but commits a clear error of judgment in weighing those factors." *Id.* (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)).

A district court must consider the 18 U.S.C. § 3553(a) factors in a supervised-release revocation sentencing, *see* 18 U.S.C. § 3583(c), though it need not make specific findings relating to each factor that it considered. *United States v. Hum*, 766 F.3d 925, 928 (8th Cir. 2014) (per curiam) (citing *United States v. Franklin*, 397 F.3d 604, 606–07 (8th Cir. 2005)). Instead, it is sufficient if there "is evidence that the court has considered the relevant matters and that some reason be stated for its decision." *Id.* (quoting *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004)). We may presume a within-Guidelines sentence to be reasonable. *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2012) (citing *Rita v. United States*, 551 U.S. 338 (2007)).

Here, in imposing Rederick's sentence, the district court explicitly stated that it had considered the § 3553(a) factors. Because the court conducted Rederick's initial sentencing, the court knew Rederick's history and characteristics. *See Franklin*, 397 F.3d at 607. During the revocation hearing, the district court discussed Rederick's violations and criminal history category, the suggested Chapter 7 range, and the statutory maximum. In addition, Rederick's lawyer spoke at length about Rederick, including his hard work, long struggle with methamphetamine, and efforts to set his life straight. The district court discussed all these things as well, noting Rederick's intelligence, work ethic, family support, and future potential—if he could "kick the [methamphetamine] habit." Transcript of Final Revocation of Supervised Release Hearing at 20–23, *United States v. Rederick*, No. 4:14-cr-40003-KES-1 (D.S.D. Apr. 11, 2017), ECF No. 76. It lamented the difficulties that methamphetamine addicts like Rederick face, and it expressed its belief that Rederick "need[s] a little longer period of time where you're in custody so you're not around meth so that when you come out you can stay clean." *Id.* at 21. It is apparent that the district court considered Rederick's methamphetamine addiction, his

acknowledgment of the problem, and his initial success on supervision. The court in fact heard argument on and itself discussed these issues.

We are well satisfied that the district court adequately considered the relevant factors and gave reasons for its decision. *See Hum*, 766 F.3d at 928. Rederick's within-Guidelines sentence is reasonable. The district court did not abuse its discretion.

III. *Conclusion*

We affirm.

_____