# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4317
_____

United States of America

*Plaintiff - Appellee*

v.

Derrick D. West-Jones, also known as Derrick Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 13, 2017
Filed: January 25, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Having completed his term of imprisonment for conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), Derrick West-Jones twice violated the conditions of his supervised release. The first amended violation petition was filed on May 4, 2016 and alleged that West-Jones assaulted his girlfriend and

used marijuana. The assault allegation was later dismissed, and the district court sentenced West-Jones to time served for the drug use violation—one day in jail—to be followed by the original term of supervised release. The second violation petition was filed on September 2, 2016 and alleged that West-Jones forcibly entered an apartment, causing injury to its occupant, and tested positive for marijuana on five occasions. Once again, the other allegations were dismissed, and West-Jones admitted to the drug use. This time the same district judge[1] sentenced him to 14 months imprisonment for the Grade C violation—the high end of the 8 to 14 months recommended by the Sentencing Guidelines—and four years supervised release. USSG § 7B1.4(a).

West-Jones appeals his sentence, claiming that the district court was improperly influenced by the dismissed allegations against him, that the court failed to adequately explain its reasoning, and that the sentence is substantively unreasonable. We affirm.

Because West-Jones did not raise these objections in the district court, we review the procedural challenges for plain error. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). "To establish plain error, [West-Jones] must prove that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." Id.

"[A] district court commits procedural error . . . by basing a sentence on unproven, disputed allegations rather than facts." United States v. Richey, 758 F.3d 999, 1002 (8th Cir. 2014). Here, we find no evidence that the district court considered the dismissed allegations in determining West-Jones's sentence. At the revocation hearing, the court referred only to the drug use violation and specifically stated that

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

it reviewed the amended revocation worksheet. The court then sentenced West-Jones within the Guidelines range for the Grade C violation.

West-Jones claims the length of his sentence indicates the court must have taken the dismissed allegations into account. On the contrary, the district court had ample reason for imposing a sentence at the high end of the Guidelines range. Upon receiving leniency for his first violation, West-Jones resumed his marijuana use shortly thereafter. See United States v. Hum, 766 F.3d 925, 928 (8th Cir. 2014) (finding repeated violations after leniency relevant to sentencing). Moreover, because the same judge presided over West-Jones's original sentencing and his revocation hearings, the court was well aware of West-Jones's history and characteristics. See Miller, 557 F.3d at 918.

Even assuming the court plainly erred by offering an inadequate explanation for the sentence, we find the sentence imposed did not violate West-Jones's substantial rights: West-Jones admitted to violating the conditions of his supervised release, the sentence imposed was within the Guidelines range for that violation, and it did not exceed the statutory maximum. USSG § 7B1.4(a) (setting advisory Guideline range of 8 to 14 months imprisonment); 18 U.S.C. 3583(e)(3) (setting statutory maximum of 36 months imprisonment); cf. United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005).

As to West-Jones's claim that the sentence is substantively unreasonable, we find that—based on the reasons above—the district court did not abuse its discretion by imposing a sentence within the Guidelines range. See Miller, 557 F.3d at 916 (standard of review); USSG § 7B1.4(a) (range of imprisonment for  Grade C violation); United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (applying presumption of substantive reasonableness to revocation sentence within Guidelines range).

We therefore affirm West-Jones's sentence.

_____