# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2824

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald E. Borchert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 10, 2019
Filed: August 15, 2019
[Unpublished]

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Ronald Borchert's supervised release and sentenced him to 18 months' imprisonment and 5 years' supervised release. Borchert appeals,

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

arguing that the district court relied on an improper factor and imposed a substantively unreasonable sentence. We affirm.

Borchert pleaded guilty to coercion and enticement of a minor female. *See* 18 U.S.C. § 2422(b). He was sentenced to 60 months' imprisonment and 5 years' supervised release. The district court first revoked Borchert's supervised release in 2010 after he admitted to violating two conditions of release. It sentenced him to 9 months' imprisonment and 10 years' supervised release. Borchert admitted to two additional violations in 2016, but the district court did not impose imprisonment beyond time served, and it did not impose any additional period of supervised release.

The district court again revoked Borchert's supervised release in 2018 after he admitted to two more violations—purchasing alcohol for a minor in violation of Minnesota state law and associating with a minor without permission from his probation officer. The district court found a criminal history category of I and an advisory sentencing guidelines range of 3 to 9 months. It sentenced him to 18 months' imprisonment and 5 years' supervised release. Borchert appeals.

"We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions." *United States v. Miller*, 557 F.3d 910, 915-16 (8th Cir. 2009). Thus, we first consider whether the district court abused its discretion by committing procedural error, including "improperly calculating the sentence under the Guidelines, failing to consider relevant 18 U.S.C. § 3553(a) sentencing factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the reasons for the sentence imposed." *Id.* at 916.

After considering whether the district court procedurally erred, "we consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard." *Id.* "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight,

gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Lozoya*, 623 F.3d 624, 626 (8th Cir. 2010) (internal quotation marks omitted).

Borchert first argues that the district court relied on an improper factor. 18 U.S.C. § 3583(e) specifies certain factors courts should consider when revoking a term of supervised release, and it does not include § 3553(a)(2)(A) among those factors. Section 3553(a)(2)(A) allows consideration of the need for an initial sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Borchert claims the district court relied on § 3553(a)(2)(A) because it noted that, at Borchert's 2016 revocation hearing, it had warned Borchert that "going forward [it] would have zero tolerance for violations of the terms of his supervised release" and that if it "learned of any further violations, there was a good chance that he would be sentenced to a long term in prison."

The district court's statement does not support the inference that it improperly relied on § 3553(a)(2)(A). It explicitly listed the factors it considered, and the § 3553(a)(2)(A) considerations were not among the factors it cited. The district court properly noted Borchert's history of violating his supervised release conditions, and § 3583 allows the district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1); *see also United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014) ("A court may caution a defendant about the consequences of future violations."); *United States v. Hum*, 766 F.3d 925, 926, 928 (8th Cir. 2014) (per curiam) (upholding a district court's revocation sentence where the district court noted its statement at a prior revocation hearing that if the defendant violated the terms of his release again, the district court would "giv[e] [him] the max" and would not extend "the leniency [the defendant] previously had been shown when his supervised release was modified"). Thus, the district court did not consider an improper factor.

-3-

Additionally, Borchert's sentence is not substantively unreasonable. Borchert argues that the district court "disregarded" personal circumstances, like the fact that he admitted his "relapse" in contacting the minor and "took responsibility for it," his explanation for how he would "ensure future compliance" with his conditions of supervised release, and testimony about Borchert's "value to the community, his volunteerism, his business, and his faith." But all of these circumstances were presented to the district court in a letter prior to sentencing or at the revocation hearing, and "we presume the district court considers such matters as are presented to it." *United States v. Grimes*, 702 F.3d 460, 471 (8th Cir. 2012).

"[A] district court is given wide latitude in weighing relevant factors." *United States v. Wilkins*, 909 F.3d 915, 917 (8th Cir. 2018) (internal quotation marks omitted). Given Borchert's repeated supervised release violations, this is not "the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

We affirm.

_____