# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1384
_____

United States of America

*Plaintiff - Appellee*

v.

Timmie Durrell Cole, Sr., also known as Timmie D. Cole

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: August 13, 2020
Filed: August 20, 2020
[Unpublished]
_____

Before LOKEN, GRUENDER, and KELLY Circuit Judges.
_____

PER CURIAM.

Timmie Durrell Cole, Sr., appeals after the district court[1] revoked his supervised release and sentenced him to four months in prison, which was below the

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

advisory sentencing guideline range, followed by eight years of supervised release. His counsel has moved for leave to withdraw and has filed a brief, in which he argues that the evidence was insufficient to support the district court's finding that Cole violated the conditions of his supervised release, and that the four-month revocation prison sentence was substantively unreasonable. Cole does not challenge the substantive reasonableness of his supervised release sentence.

We note that Cole was released from prison on April 17, 2020, and we conclude that his challenge to the substantive reasonableness of his prison sentence is therefore moot. See United States v. Heins, 669 Fed. Appx. 320, 322 (8th Cir. 2016) (unpublished per curiam). After careful review of the record, we further conclude that the district court did not clearly err in finding, by a preponderance of the evidence, that Cole violated the conditions of his supervised release. See 18 U.S.C. § 3583(e)(3); United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008) (standard of review). We discern no error in the district court's finding that Cole failed to abide by the probation officer's instructions to reside at an approved residence, and there was ample evidence for independently revoking Cole's supervised release based on his association with a convicted felon. See United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____