# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2046

_____

United States of America

*Plaintiff - Appellee*

v.

Tong Moua

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 16, 2018
Filed: July 11, 2018
[Published]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.[*]

_____

PER CURIAM.

On the morning of March 1, 2016, a man attempted to rob a Wells Fargo Bank in Shakopee, Minnesota. Shortly before noon that same day, a man robbed the

_____

[*]This opinion is being filed by Judge Gruender and Judge Kelly pursuant to 8th Cir. Rule 47E.

Charter Bank in Chaska, Minnesota.[1] A few hours later, Tong Moua was arrested in Chaska. A jury convicted Moua of attempted bank robbery (of the Wells Fargo Bank) and bank robbery (of the Charter Bank), in violation of 18 U.S.C. § 2113(a), but did not convict him in relation to five other bank robberies that were also charged. The district court[2] sentenced him to 150 months in prison on each count, to be served concurrently. Moua challenges the sufficiency of the evidence and the substantive reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Moua argues that the evidence was insufficient to prove that he was the robber. "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Brooks, 715 F.3d 1069, 1080–81 (8th Cir. 2013) (quoting United States v. Miller, 698 F.3d 699, 702 (8th Cir. 2012)). We are "deferential to the jury's verdict" and we "reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Perez, 663 F.3d 387, 391 (8th Cir. 2011) (quotation omitted).

Moua's defense at trial was straightforward: he was not the person who robbed, or attempted to rob, any of the banks as charged. The government presented the following evidence to show that Moua had, in fact, robbed the Charter Bank and attempted to rob the Wells Fargo Bank. In the five months preceding the March 1,

[1]Shakopee and Chaska are both suburbs of the Twin Cities.

[2]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

2016, robberies, five other Twin Cities banks were robbed. Each time, the robber handed a note to the teller demanding money and received cash.

Tellers from all but the Wells Fargo Bank identified Moua in court as the man who had robbed them. Three Wells Fargo employees testified. None of them was able to identify Moua as the man who had tried to rob the Wells Fargo Bank, but a teller testified that the robber was wearing a black baseball hat, a dark jacket, dark colored pants, and white high-top sneakers. The other two Wells Fargo employees testified that the robber had driven away in a Toyota with Minnesota license plates. There were some inconsistencies between the Wells Fargo employees' descriptions of the robbery, *e.g.*, whether the robber's hat had holes or rivets on the side, whether the Toyota was silver or dark in color, and whether its license plate was 263 CVA or 263 CYA. The Charter Bank teller identified Moua in court as the robber. But the reliability of her identification was questionable: Right after the robbery, she had picked a different person out of a photo lineup.

The government also presented videos from the Wells Fargo and Charter Banks, a church near the Charter Bank, and a nearby casino. Although the videos from the banks and the church all showed a man wearing a dark jacket, dark pants, and white high-top tennis shoes, they did not show much of the man's face. Videos from the casino early in the morning of March 1, 2016, depicted (1) a Toyota with Minnesota license plate 263 CVA driving onto the casino property; (2) Moua present inside and outside the casino, wearing dark pants, a light t-shirt, a dark jacket, and white high-top sneakers; and (3) Moua leaving the casino in the Toyota at approximately 8:25 a.m. Casino records indicated that Moua used his customer loyalty card at the casino that same morning.

A Toyota with Minnesota license plate 263 CVA was found in front of the Charter Bank after it was robbed. In the car, officers found a black baseball hat and pieces of paper with writing impressions saying, "Please hand over 10,000," "don't

shoot," and "I'll shoot you." Clothing similar to that worn by the robber in three of the robberies was found in Moua's apartment, and a jacket that matched the one worn by the robber during a December 28, 2015, robbery was found in another car linked to Moua, as were bait bills given out during that robbery. Finally, location data from a phone found on Moua when he was arrested showed that the phone had been in the area of the casino and at both banks on the morning of March 1, 2016.[3]

In challenging the sufficiency of the government's evidence, Moua argues that the Charter Bank teller's initial identification of a different person as the robber was more credible than her later in-court identification; that the bank videos did not show enough of the robber's face to identify him as the robber; that there was no evidence linking the Toyota to the Charter Bank robbery; that the Wells Fargo employees differed in their descriptions of the robber and the car; and that other witnesses' testimony was conflicting and unreliable.

But in reviewing the sufficiency of the evidence, "[i]t is axiomatic that we do not pass upon the credibility of witnesses or the weight to be given their testimony." United States v. Clay, 618 F.3d 946, 950 (8th Cir. 2010) (quoting United States v. Slaughter, 128 F.3d 623, 627 (8th Cir. 1997)). "Credibility determinations are uniquely within the province of the trier of fact, and are entitled to special deference." United States v. Goodale, 738 F.3d 917, 923 (8th Cir. 2013) (quoting Sullivan v. Minnesota, 818 F.2d 664, 666 (8th Cir. 1987)). "[I]t is for the jury to resolve conflicting evidence and make credibility determinations." United States v. Lohnes, 554 F.3d 1166, 1169 (8th Cir. 2009). Here, the jury determined the credibility of the witnesses, weighed the evidence, and concluded that Moua was the person who, on March 1, 2016, robbed the Charter Bank and attempted to rob the Wells Fargo Bank.

---

[3]It appears this evidence was obtained without a warrant, but it was admitted without objection. But see Carpenter v. United States, No. 16-402, ___ U.S. ___, 2018 WL 3073916 (June 22, 2018).

Viewed in the light most favorable to the verdict, there was sufficient evidence to support the jury's verdicts.

## II.

Next, Moua argues that his sentence is substantively unreasonable. "We review the substantive reasonableness of a sentence for abuse of discretion." United States v. Kirlin, 859 F.3d 539, 545 (8th Cir. 2017). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). A defendant challenging his sentence "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam). A "within-guidelines sentence is presumptively reasonable on appeal." Borromeo, 657 F.3d at 756.

Moua's undisputed Guidelines range was 120 to 150 months in prison. He requested a sentence at the bottom of that range, and the government sought an upward variance, arguing that Moua should be held accountable for all the robberies, including those on which he was acquitted or the jury could not reach a unanimous verdict. The court rejected both arguments and sentenced Moua to 150 months in prison, stating it was "very sympathetic" to his experiences in a refugee camp as a child, and noting his positive post-arrest conduct and family support. According to Moua, the district court gave too little weight to several mitigating circumstances and too much weight to the seriousness of his crimes.

"The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). "The district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal." Townsend, 617 F.3d at 994. Nothing in the record suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor or irrelevant factor, or committed a clear error in judgment when weighing the relevant factors. And Moua concedes that his crimes were quite serious. The district court did not abuse its discretion in sentencing Moua to 150 months' imprisonment.

III.

Accordingly, we affirm.

_____