# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-1766
_____

United States of America

*Plaintiff - Appellee*

v.

Carl T. Beckwith, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: October 17, 2022
Filed: January 13, 2023
[Published]
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Carl Beckwith admitted to violating the terms of his supervised release. The district court[1] sentenced him to nine months in prison. Beckwith appeals, claiming that his sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

Beckwith pleaded guilty to one count of possession of child pornography and was sentenced to 50 months in prison and 10 years of supervised release in 2010. In 2017, his supervised release was revoked and he was sentenced to another six months in prison and six years of supervised release. In 2022, his supervised release was again revoked after he admitted to six violations, including eight separate incidents of using controlled substances. The district court sentenced him to nine months in prison with no supervised release. Beckwith appeals his sentence, arguing that it is substantively unreasonable.

We review the reasonableness of a sentence imposed upon a violation of supervised release for an abuse of discretion. See United States v. Miller, 557 F.3d 910, 914–16 (8th Cir. 2009). "A district court abuses its discretion by failing to consider a relevant factor, giving significant weight to an irrelevant factor, or committing a clear error of judgment in weighing the relevant factors by arriving at a sentence outside the range of choice dictated by the facts of the case." United States v. Jones, 507 F.3d 657, 659 (8th Cir. 2007). We presume that a sentence within the Guidelines range is reasonable. United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008).

Beckwith argues that his sentence is substantively unreasonable because it is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). Although Beckwith's sentence is within the applicable Guidelines range,[2] he insists that a sentence at the low end of the Guidelines range would have been more appropriate. Beckwith argues that the district court failed to properly consider the following mitigating factors in determining his sentence: (1) the two-year period of supervised release where he didn't commit any violations, (2) his substance abuse and addiction, and (3) his confusion about the government's role in his life. The district court did not discuss any of these factors at sentencing.

---

[2]Beckwith's Guidelines range was between three and nine months in prison and not less than five years of supervised release, though optional.

"Although the district court is required to consider certain factors set forth in § 3553(a) in a supervised-release-revocation sentencing, there is no requirement that the district court make specific findings relating to each of the factors considered." United States v. Franklin, 397 F.3d 604, 606 (8th Cir. 2005) (citation and footnote omitted). Evidence that the district court was aware of the relevant § 3553(a) factors is sufficient and can be inferred from the record. Id. at 607. "[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009); see, e.g., United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007).

The district court explained the applicable Guidelines range, and that Beckwith's supervised release was being revoked because he used a controlled substance more than three times in the past year. The district court also heard Beckwith's counsel talk about Beckwith's substance abuse, the fact that he hadn't violated his supervised release for two years, his difficulty understanding the court's authority over him, and more. This is enough to infer that the court considered the factors.

The district court also properly considered Beckwith's history and characteristics in determining his sentence. See 18 U.S.C. § 3553(a)(1). The court explained that this was the second time Beckwith appeared before it for a revocation of his supervised release and that it "believe[d] that [Beckwith] knew that there were certain conditions and that [Beckwith] consciously decided that [he was] not going to comply with those conditions." It imposed a sentence within the Guidelines range accordingly. See United States v. Moua, 895 F.3d 556, 560 (8th Cir. 2018) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." (citation omitted)).

We affirm.

_____