# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2352
_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Suton Anton Sayles

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: January 8, 2024
Filed: June 6, 2024
[Unpublished]
_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Maurice Suton Anton Sayles appeals the 21-month sentence the district court[1] imposed upon revocation of his supervised release. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

I.

In February 2023, Sayles completed his federal prison sentence after pleading guilty to one count of conspiracy to commit wire fraud, and he commenced his 3-year term of supervised release. The following month, the United States Probation Office (USPO) reported to the district court that Sayles had violated several of his conditions of release. The report alleged several Grade C violations, including failure to notify the USPO of a change in address and failure to follow the directions of his probation officer. The most serious violation alleged was a Grade B violation for Sayles's failure to properly register as a sex offender. See United States Sentencing Guidelines (USSG) § 7B1.1(a)(2), (b) (2021). Based on the Grade B violation, Sayles's advisory sentencing range was 21 to 27 months of imprisonment. See USSG §§ 7B1.3(a)(1), 7B1.4(a).

By way of background and not as grounds for an additional violation, the USPO explained in its violation report that one week before filing the report, it had offered Sayles a modification to the conditions of his supervision to include location monitoring. Sayles initially declined, but later changed his mind, agreed to the modification, and waived his right to a hearing. However, not long after, he sent the officer "a barrage of text messages accusing the [probation] officer of being untruthful and using scare tactics to get him to agree to location monitoring." In light of Sayles's allegations of coercion, the probation officer decided to submit the violation report, believing the matter was "better suited to be addressed by the Court."

At the revocation hearing, Sayles did not contest the Grade B violation, or the relevant Grade C violations.[2] Instead, he argued that a sentence of time-served, plus an additional term of supervised release with location monitoring, would be an appropriate "reboot of his ability to have an opportunity to succeed on supervised

---

[2]Sayles contested two Grade C violations at his revocation hearing but those are not at issue on appeal.

release." In the alternative, Sayles requested 12 months and a day in prison. The government recommended a prison sentence of 21 months with no supervised release to follow.

The district court revoked Sayles's supervised release and adopted the government's recommendation. The court based its sentence on Sayles's "breach of trust that was placed on him," and his failure to "chang[e] his ways and abid[e] by the conditions" of supervision. Of particular concern to the district court was Sayles's "disrespectful conduct to those that are trying to help him transition to a sober, crime-free, productive life in the community." The court also considered the fact that Sayles was "not a newcomer to the federal supervised release program," rather, he had been on federal supervised release in the past for a separate offense, and that supervision was revoked twice.

On appeal, Sayles argues that his revocation sentence is substantively unreasonable, and that the district court abused its discretion in weighing the relevant sentencing factors under 18 U.S.C. § 3553(a).

II.

We review a sentence imposed upon revocation of supervised release for an abuse of discretion. United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). "A district court abuses its discretion by failing to consider a relevant factor, giving significant weight to an irrelevant factor, or committing a clear error of judgment in weighing the relevant factors by arriving at a sentence outside the range of choice dictated by the facts of the case." United States v. Beckwith, 57 F.4th 630, 632 (8th Cir. 2023) (per curiam) (quoting United States v. Jones, 507 F.3d 657, 659 (8th Cir. 2007)). "A defendant challenging his sentence 'must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors.'" United States v. Moua, 895 F.3d 556, 559 (8th Cir. 2018) (per curiam)

(quoting United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam)).

Sayles admits the factual basis for his violations and does not challenge the applicable sentencing range. He further concedes that the district court acted within its discretion in sentencing him to a term of imprisonment. Sayles argues, however, that the district court committed a clear error of judgment in weighing the sentencing factors and imposing a 21-month sentence. He contends his sentence is substantively unreasonable because it is "a drastic increase in punishment" compared to the location-monitoring modification that the USPO recommended a week prior to filing its violation report. He characterizes the USPO's prior proposal as a "tacit acknowledgment" that an additional term of incarceration would be greater than necessary to achieve the goals of sentencing. Sayles also contends that the district court was concerned primarily with his "technical violations," as evidenced by the fact that it "never mention[ed] his grade B registration violation" at the revocation hearing. Finally, Sayles asserts that his difficulty transitioning back into the community after a long period of incarceration was a mitigating factor that was not given sufficient weight.

The district court did not commit a clear error of judgment in weighing the relevant § 3553(a) factors and imposing a sentence at the low end of the advisory range. The court considered Sayles's breach of trust in the context of his Grade B and Grade C violations, the nature and circumstances of his conduct, his criminal history, and his failure to abide by the terms and conditions of supervision. See 18 U.S.C. § 3583(e) (instructing courts to consider these and other § 3553(a) factors when revoking supervised release); see also USSG Ch.7, Pt.A, intro. comment. (3(b)) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Sayles explained to the court that while he was trying to "be a productive citizen," he had been in prison for so long that "everything [wa]s so brand new" and he was having trouble adjusting. The court also heard of Sayles's struggles to find suitable housing and

properly register as a sex offender. But it is not error for the court to weigh this information differently than Sayles would have hoped. See Moua, 895 F.3d at 559–60. We find no basis for concluding that his sentence is substantively unreasonable.

III.

We affirm the judgment of the district court.

_____