United States Court of Appeals

For the Eighth Circuit

_____

No. 23-3372
_____

United States of America

*Plaintiff - Appellee*

v.

Todd Norman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: June 10, 2024
Filed: June 28, 2024
[Unpublished]
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Todd Norman pled guilty to possession of fentanyl with intent to deliver, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). The district court[1] sentenced Norman as a career offender under § 4B1.1 of the United States Sentencing

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Guidelines ("Guidelines"). Norman appeals both his designation as a career offender and the substantive reasonableness of his sentence. We affirm.

Norman's Presentence Investigation Report concluded that he satisfied the career offender criteria under § 4B1.1 of the Guidelines based on his two prior controlled substance offenses. Norman objected, arguing that his prior Arkansas convictions for delivery of methamphetamine and possession with the purpose to deliver cocaine were not qualifying offenses because Arkansas law included certain isomers in the definitions of cocaine and methamphetamine that rendered them overbroad as compared to federal law. Norman conceded, however, that this Court's decision in United States v. Henderson, 11 F.4th 713 (8th Cir. 2021), foreclosed his argument. The district court overruled Norman's objection and imposed a below-Guidelines sentence of 120 months' imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a).

"We review the career offender designation *de novo*." United States v. Jefferson, 975 F.3d 700, 706 (8th Cir. 2020). A defendant qualifies as a career offender under the Guidelines if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In Henderson, the Court noted that § 4B1.2(b) includes "an offense under federal or state law" and it contains "no requirement that the particular substance underlying the state offense is also controlled under a distinct federal law." 11 F.4th at 718. Because Norman has two qualifying convictions, the district court did not err by classifying Norman as a career offender under the Guidelines. See id. at 718-19.

We review a defendant's challenge to the substantive reasonableness of his sentence for an abuse of discretion. United States v. Jones, 71 F.4th 1083, 1086 (8th Cir. 2023). "When a district court varies downward and sentences below a presumptively reasonable Guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Canamore, 916 F.3d 718, 721 (8th Cir. 2019) (per curiam) (quotation omitted). Norman acknowledges that the district court considered the § 3553(a) sentencing

factors but challenges the court's weighing of those factors. Because it is within a sentencing court's wide discretion to decide the appropriate weight to give the sentencing factors, a defendant's objection to the weight given by the district court is insufficient to justify reversal. <u>See</u> <u>United States v. Moua</u>, 895 F.3d 556, 560 (8th Cir. 2018) (per curiam). We find no abuse of the district court's sentencing discretion. The below-Guidelines sentence is not substantively unreasonable.

The district court's judgment is affirmed.

_____