# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3750

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Paul Buesing

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 23, 2024
Filed: October 1, 2024
[Unpublished]

_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Matthew Paul Buesing pled guilty to receiving and distributing child pornography and possession of child pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252(a)(4)(B). The district court[1] sentenced him to 120 months

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

in prison and ten years of supervised release.  On release, he violated multiple conditions of release.  At his most recent revocation hearing, the district court revoked his supervised release, sentencing him to ten months in prison and 60 months of supervised release.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Buesing argues the district court erred in finding he violated conditions of supervised release by failing to register as a sex offender and associating with a felon.  The district court may revoke a defendant's supervised release if it finds a violation by a preponderance of the evidence.  *United States v. Perkins*, 526 F.3d 1107, 1109 (8th Cir. 2008).  This court reviews for abuse of discretion.  *United States v. Sistrunk*, 612 F.3d 988, 991 (8th Cir. 2010).

Buesing's argument has no merit.  At the revocation hearing, Buesing acknowledged that the government's proffered facts were accurate.

> THE COURT: The Government has proffered facts in a written document.  Have you had the chance to look at that, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you acknowledge that those facts are accurate?
>
> THE DEFENDANT:  I'm sorry.  Just my paranoia is deep.
>
> THE COURT: No. That's fine.
>
> MR. DUSTHIMER [defense counsel]: By a preponderance of the evidence standards.
>
> THE COURT: Okay.  Do you acknowledge that the Government's facts establish by a preponderance of the evidence—that the Government's facts put forth in this proffer are accurate by a preponderance of the evidence?
>
> THE DEFENDANT: Yes.

He then admitted the facts.

THE COURT: So the first thing I want to talk to you about is that interaction with a felon that we've now noted that as the fifth violation. Chronologically it comes first in terms of what was brought to the Court's attention. You acknowledge that you were having contact with Mr. VanMeter and knew that he was, in fact, a felon?

THE DEFENDANT: Yes, ma'am.

THE COURT: My understanding is that that contact was ongoing from the time that you were in the halfway house together; is that right?

THE DEFENDANT: We actually met in prison and then in the halfway house, yes.

THE COURT: And you continued to maintain—maintain contact with him?

THE DEFENDANT: Yes, ma'am.

THE COURT: And you knew that maintaining contact or having any contact with a felon was against your terms and conditions?

THE DEFENDANT: Yes, ma'am.

THE COURT: The next number of violations are in relation to failing to register as a sex offender. You acknowledge that you are a sex offender who is required to register?

THE DEFENDANT: Yes, ma'am.

THE COURT: And there are a number of different components of those registration requirements. You know that.

THE DEFENDANT: Yes.

. . . .

-3-

THE COURT: And do you acknowledge the Court has established a factual basis by a preponderance of the evidence for the three new law violations of failure to register as a sex offender and association with a felon?

MR. DUSTHIMER: Yes.

The district court did not abuse its discretion in revoking his supervised release.

Buesing contends the sentence was substantively unreasonable. This court reviews for abuse of discretion. *United States v. Beckwith*, 57 F.4th 630, 632 (8th Cir. 2023). The district court carefully reviewed the facts of the case and Buesing's performance on supervised release. It said:

> Last time we were here, there were five violations ranging from possessing an internet-capable device to viewing adult pornography, teen pornography, unauthorized contact with a minor, and unauthorized use of the internet. In that instance, the revocation and imprisonment range was 3 to 9 months, and the Court imposed a 6-month term.
>
> At that hearing I noted to the defendant that additional violations will be taken very seriously by the Court, and that was because when reviewing the original presentence investigation report, the nature of the violation at that time—the nature of the criminal conduct at that time and in the items the defendant chose to possess included, as reflected in paragraph 17 of the presentence investigation report, a document that was entitled, "How to Molest Your Teenage Daughter," a how-to video which was a tutorial on how to molest your teenage daughter.
>
> . . . .
>
> The violations that exist here and that are present and well documented in the proffer and acknowledged by the defense are serious because they demonstrate a continuing unwillingness to comply with the strictures that are in place for the protection of others.
>
> . . . .

-4-

The Court recognizes and commends the positive strides in terms of participation in a faith-based environment—faith-based environment, attending church and attending treatment; however, those positive strides do not in any way change the requirements of the defendant not to have contact with his daughter and to not go to his wife's home without permission of the probation office so that adequate supervision can occur.

Buesing disagrees with the weight the district court gave the sentencing factors. But this is not a basis for reversal. *See United States v. Moua*, 895 F.3d 556, 560 (8th Cir. 2018) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."). The sentence is not substantively unreasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____