# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1671
_____

United States of America

*Plaintiff - Appellee*

v.

Terry L. Briggs

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 18, 2024
Filed: February 21, 2025
[Unpublished]
_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

After serving a term of imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Terry Briggs's initial term of supervised release was revoked, and he was sentenced to a further term of imprisonment and supervised release. When Briggs violated the conditions of his

second term of supervised release, the district court[1] revoked it and sentenced him to 13 months' imprisonment with no term of supervision to follow. Briggs appeals, asserting that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Briggs was originally indicted on one count of being a felon in possession of a firearm in 2019, and, after he pled guilty, the district court sentenced him to 37 months' imprisonment followed by 3 years of supervised release. Briggs completed his sentence of incarceration and began serving his period of supervised release in early 2022. Beginning in January 2023, the United States Probation Office filed five violation reports detailing Briggs's violation of his conditions of supervised release, which included testing positive for controlled substances, failure to participate in substance-abuse counseling, failure to complete community service, and a new law violation stemming from a domestic violence incident with Briggs's then-girlfriend, Vera Harris. The district court revoked Briggs's supervised release based on his positive drug tests, his failure to participate in substance abuse counseling, and his failure to complete court-ordered community service, ultimately sentencing Briggs to 7 months' imprisonment and a new 14-month term of supervised release.

Briggs completed his additional term of incarceration and began to serve his second term of supervised release in October 2023. In January 2024, the Probation Office filed a violation report detailing a positive drug test from Briggs and an altercation between Briggs and Harris. The district court thereafter modified the terms of Briggs's supervised release to include the special condition that he have no contact with Harris while on supervised release. In February 2024, the Probation Office filed another violation report, which reported that Briggs had left his residential re-entry facility without permission. In response, the district court ordered location monitoring. Later that same month, the Probation Office filed a final violation report, which alleged four violations of conditions of supervised

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

release. The Probation Office alleged that Briggs committed a new law violation, failed to report contact with law enforcement to his probation officer, failed to follow the instructions of his probation officer, and had contact with Harris. These alleged violations all stemmed from a domestic dispute between Briggs and Harris, which resulted in police involvement and charges against Briggs in Kansas City, Missouri Municipal Court for domestic assault and larceny.

In March 2024, the district court held a revocation hearing based on the last violation report; at the hearing, Briggs stipulated to not reporting contact with law enforcement to his probation officer and to having contact with Harris. The district court revoked Briggs's term of supervised release and calculated his United States Sentencing Guidelines range as 5 to 11 months' imprisonment. The Government asked the district court to sentence Briggs to a term of imprisonment at the high end of the Guidelines range with no supervision to follow, while Briggs sought a sentence of time served, along with the requirement that he complete the final 8 months of his term of supervised release. In arguing against incarceration, Briggs's counsel specifically referenced that, but for one positive drug test in January of 2024, Briggs had maintained a period of sobriety and at the time of his arrest for the supervised release violations he had been employed. The district court varied upward and imposed a sentence of 13 months' imprisonment, with no supervised release.

Briggs appeals, asserting that the district court imposed a substantively unreasonable sentence when it varied upwards and sentenced him to 13 months' imprisonment. Briggs specifically asserts that the district court gave undue weight to the fact that Briggs did not comply with a term of supervised release—a factor present in every revocation case—while not giving proper weight to the undisputed mitigating factors that Briggs had made progress with his sobriety on his second term of supervised release and that he had been gainfully employed. "We review the district court's revocation sentencing decision under the same deferential-abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Scherer, 114 F.4th 987, 990 (8th Cir. 2024) (citation

omitted). "A district court abuses its discretion by failing to consider a relevant factor, giving significant weight to an irrelevant factor, or committing a clear error of judgment in weighing the relevant factors by arriving at a sentence outside the range of choice dictated by the facts of the case." United States v. Beckwith, 57 F.4th 630, 632 (8th Cir. 2023) (per curiam) (citation omitted).

At revocation, the district court must consider the 18 U.S.C. § 3553(a) factors identified in 18 U.S.C. § 3583(e). United States v. Clark, 998 F.3d 363, 368 (8th Cir. 2021). Briggs's challenge to his sentence amounts to no more than disagreement with how the district court chose to weigh those factors. The district court heard Briggs's argument about the progress he had made on supervised release, his employment history, and his sobriety, but chose to give more weight to the need to protect the public and the nature and circumstances of the offense and characteristics of the defendant. "The district court has discretion to rely more heavily on some sentencing factors than others, and a defendant challenging the district court's sentence 'must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors.'" United States v. Long, 906 F.3d 720, 727 (8th Cir. 2018) (citations omitted). Further, "[a]lthough the district court is required to consider certain factors set forth in § 3553(a) in a supervised-release-revocation sentencing, there is no requirement that the district court make specific findings relating to each of the factors considered." Beckwith, 57 F.4th at 632 (citation omitted). Here, the district court "heard argument from counsel about specific § 3553(a) factors, [so] we may presume that the court considered those factors." United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009).

For the foregoing reasons, we affirm the judgment of the district court.

_____

-4-