# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2848

_____

United States of America

*Plaintiff - Appellee*

v.

Fallon A. Murphy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: February 24, 2026
Filed: February 27, 2026
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Fallon Murphy appeals after the district court[1] revoked her supervised release and sentenced her to 21 months in prison and 3 years of supervised release, with a

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

special condition that she reside in a residential reentry center for up to 120 days. Her counsel has moved to withdraw, and has filed a brief challenging the substantive reasonableness of the sentence and the reentry center requirement.

Having carefully reviewed the record, we conclude that Murphy's sentence was not unreasonable, as there is no indication that the district court failed to consider the 18 U.S.C. § 3553(a) factors, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing the relevant factors. See United States v. Larison, 432 F.3d 921, 923-24 (8th Cir. 2006) (sentence may be unreasonable if district court fails to consider relevant factor, gives significant weight to improper factor, or commits clear error of judgment; court may consider criminal history and history on supervised release); United States v. Beckwith, 57 F.4th 630, 632 (8th Cir. 2023) (per curiam) (revocation sentence within Guidelines range is accorded a presumption of substantive reasonableness on appeal).

We also conclude that the district court did not abuse its discretion by requiring Murphy to return to a reentry center. See United States v. Thompson, 888 F.3d 347, 351 (8th Cir. 2018) (this court will affirm if basis for special condition can be discerned from record); United States v. Melton, 666 F.3d 513, 517-18 (8th Cir. 2012) (18 U.S.C. § 3563(b)(11) and U.S.S.G. § 5B1.3(e)(1) expressly authorize a special supervised-release condition requiring temporary residence at a reentry center, and this Court has "regularly upheld" the reentry requirement as reasonable; district court has broad discretion to impose special conditions that are reasonably related to 18 U.S.C. § 3553 factors, involve no greater deprivation of liberty than reasonably necessary, and are consistent with any pertinent Sentencing Commission policy statements).

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____